(December 20, 1913.)

## CLEMENTO CONSTANTINE et al., Respondents, v. H. M. McDONALD, Appellant.

### [137 Pac. 531.]

CONTRACT — CONSTRUCTION OF — FAILURE TO READ — EVIDENCE — SUFFI-
CIENCY OF—VERDICT.

    1. Where a party enters into a written contract in a language that he cannot read, it is as much his duty to procure some person to read and explain it to him before he signs it as it would be for him to read it before he signed it if he were able to read it, and his failure to obtain a reading and explanation of it before signing is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents.

    2. *Held,* that the evidence does not show that there was any fraud practiced upon plaintiffs in the making of said contract.

    3. *Held,* that the evidence is not sufficient to sustain the verdict of the jury.

APPEAL from the District Court of the First Judicial District in and for Shoshone County. Hon. W. W. Woods, Judge.

Action to recover for excavating earth and rock. Judgment for plaintiffs. *Reversed.*

Therrett Towles and G. W. Korte, for Appellant.

"If a person cannot read the language in which a contract is written, it is as much his duty to procure some person to read and explain it to him before he signs it as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents." (9 Cyc. 390; *Boagni v. Fouchy,* 26 La. Ann. 594.)

Even if its terms differ from the contract as agreed on verbally. (*Hawkins v. Hawkins,* 50 Cal. 558.)

If he signs it without asking to have it read or explained to him, he is bound by it and cannot escape the obligations imposed by it by pleading his illiteracy or imperfect understanding of the English language, no fraud having been practiced. (*Appeal of Weller,* 103 Pa. 594; *Chicago St. P. M. & O. Ry. Co. v. Belliwith,* 83 Fed. 437, 28 C. C. A. 358; *Mulderrig v. Burkee,* 53 N. Y. Supp. 1004, 24 Misc. Rep. 716; *Fulton v. Messenger,* 61 W. Va. 477, 56 S. E. 830; *Mitchell Mfg. Co. v. Kempner & Bro.,* 84 Ark. 349, 105 S. W. 880; *Haag v. Burns,* 22 S. D. 51, 115 N. W. 104; *Atlas Shoe Co. v. Bloom,* 209 Mass. 563, 95 N. E. 952; *Sanden v. Northern Pac. Ry. Co.,* 43 Mont. 209, 115 Pac. 408, 34 L. R. A., N. S., 711; *Huber Mfg. Co. v. Piersall,* 150 Ky. 307, 150 S. W. 341.)

A written contract is the highest evidence of the terms of the agreement between the parties, and every contracting party must learn and know the contents of the writing before he signs and delivers it. (*Teachout v. Clough,* 143 Mo. App. 474, 127 S. W. 672.)

A. G. Kerns, for Respondents, cites no authorities.

SULLIVAN, J.—This action was brought to recover a balance due upon an alleged verbal agreement for the excavation of certain rock and earth along the line of the C. M. & St. P. Ry. Co. in Shoshone county.

The action was tried by the court with a jury and verdict and judgment were given and entered in favor of the respondents for the sum of $1,272.55 and costs of suit. A motion for a new trial was denied and this appeal is from the judgment and order denying the new trial.

Several errors are assigned but the main question in dispute was whether or not the agreed price for the excavation of rock and earth was to be paid upon measurements in excavations only or in solid beds or masses of rock in its original position in the ground, or whether it was to be measured in loose formation in cars, as claimed by the respondents.

The evidence clearly shows that the respondents in this case made and entered into a written agreement on or about

May 1, 1912. The respondents were Italians and claimed they could not read the written contract. The testimony shows that the leader of these Italians had a copy of said contract two or three days before he signed it; that he was able to testify in this case without an interpreter. There is no evidence whatever to show that the respondents were prevented from reading said contract before they signed it, or having it read to them. It is a well-settled rule of law that if a person cannot read the language in which a contract is written, it is as much his duty to procure some person to read and explain it to him before he signs it as it would be to read it before he signed it if he were able to do so, and his failure to obtain a reading and explanation of it is such gross negligence as will estop him from avoiding it on the ground that he was ignorant of its contents. (9 Cyc. 390.)

It would be different if the other contracting party had deceived him or misrepresented the nature and contents of the instrument, but in this case it is not claimed that appellant's agent in any way deceived respondents. There is no evidence showing that there was any fraud practiced upon these plaintiffs in the making of said contract.

The contract provided that the plaintiffs should receive for earth excavation 25¢ per cubic yard, and for solid rock excavation, 60¢ per cubic yard. The respondents testified that their understanding of the contract was that they were to receive 25¢ per cubic yard for earth excavation measured loose in the car, and 60¢ per cubic yard for rock measured loose in the car, and that the car would hold about a yard and a quarter. They kept account of the number of cars taken out by means of a board with holes in it, and every time they took out a car, they pegged a hole, and one of their number kept the account of the number of cars taken out each day in a book kept for that purpose. The evidence shows that solid earth or rock will increase in measurement, about 80 per cent over its solid measurement, or measurement before excavated. It also appears that the usual way of measuring such material is by measuring the excavation from which the material is taken and not loose in the cars. The

jury evidently concluded that the measurements were to be made of the loose material, and the evidence is insufficient to sustain their verdict.

The judgment must therefore be reversed, and it is so ordered, with costs in favor of the appellant.

Ailshie, C. J., and Stewart, J., concur.

Petition for rehearing denied.