No. 9225.

BROWN v. BARTH.

1. EVIDENCE—*Parol to Vary a Writing*, the execution of which is admitted, may not be received.

2. CONTRACT—*Construed.* A contract between the creditors of a decedent, and the sole heir, provided that in case a certain plan of settlement should be accepted "by the present executors," all of the creditors should assign their rights to the heirs and the heirs should pay all the claims allowed by the county court. with legal interest thereon.

Plaintiff was one of the creditors, his claim amounting to $20,250.00. The heir having paid this amount in full, a subsequent agreement was entered into by which plaintiff assigned to the heir his claim of $20,250.00, covenanted that the interest thereon was still due and unpaid, and that he, "would not collect, receive, release, or discharge the same or any part thereof," and that the assignment" included all other claims and demands that he might have" against the estate. *Held* that the latter contract was intended as a substitute for the former, and plaintiff was denied the right to recover the interest accrued upon his demand.

*Department One.*

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. W. R. RAMSEY and Mr. JAMES H. BROWN, *Pro se*, for plaintiff in error.

Messrs. BARTELS & BLOOD, for defendants in error.

Mr. Justice Burke delivered the opinion of the Court.

PLAINTIFF in error brought this action against defendant in error to recover a balance of $908.76 alleged to be due him under a written contract. From a judgment on the pleadings in favor of defendant this writ is brought. The question for our determination is a simple one and requires no citation of authority.

William Barth died December 17, 1914 leaving defendant as his sole heir. Various complications arose in the settlement of the estate and a number of claims were filed. In order to adjust these expeditiously a plan of procedure was agreed upon between defendant and other persons interested, including plaintiff, in furtherance of which on November 10, 1915, plaintiff (representing himself and other claimants), and defendant entered into a written contract (hereinafter designated "Exhibit 1") whereby it was provided that if a plan of settlement should be accepted by "the present executors of the estate", all of the claimants should execute assignments of their rights to defendant. Defendant agreed therein to pay in full all of these claims allowed by the County Court "with legal interest thereon, in the event of said plan of settlement being accepted in all particulars." The "plan of settlement" contemplated the resignation of the executors above mentioned, and the appointment of others. The payment of these claims was to be made by the defendant "within thirty days after the due appointment of said successors of the said executors." The face of plaintiff's claim was $20,250.00. The balance of $908.76 for which this action was brought was interest thereon. This contract further provided:

"'Each and all of said payments to be made by her in her capacity as sole heir and next of kin of the said William Barth, deceased, to the end that she may be finally reimbursed out of and from the said estate in the final settlement thereof.

It is understood that the promises to pay money, as aforesaid, to said Brown and other creditors is conditioned upon said plan of settlement being hereafter duly accepted by said executors and all of said legatees, together with the due appointment of said executors and to be void if the said events do not occur."

The successors of the executors were appointed January 10, 1916. Prior to that date however, and on December 15, 1915, another and different written contract (hereinafter designated "Exhibit A") was entered into by plaintiff and

defendant covering plaintiff's claim only. By the terms of Exhibit A plaintiff assigned his said claim to the defendant for the face thereof, $20,250.00. He covenanted therein that he was the sole owner of the claim; that no part of it had been paid to or assigned by him; that no portion of it had been released or satisfied; he constituted defendant his attorney in fact for her sole use and benefit to prosecute and recover the claim, and to release, discharge and acknowledge satisfaction thereof; he covenanted that the interest thereon was still due and unpaid; that he would not collect or receive, release or discharge, the same or any part thereof, but would save defendant harmless from all costs and charges in the premises; and that the assignment included all other claims and demands he might have against the estate of William Barth. Exhibit A was acknowledged December 17, 1915 and the $20,250.00 paid in full at that time.

The complaint set up Exhibit 1 and the answer Exhibit A. The replication admitted the execution of Exhibit A but alleged that it was a mere assignment made in compliance with the terms of Exhibit 1, and that the money paid thereon had been accordingly credited by plaintiff on the indebtedness under Exhibit 1.

On December 17, 1915, when Exhibit A was acknowledged, nothing was due the plaintiff under Exhibit 1. The language, tenor and effect of Exhibit A are a direct denial of plaintiff's contention that it was a mere assignment for the purpose of carrying out the terms of Exhibit 1. Exhibit A shows upon its face that, so far as the claim of plaintiff was concerned, it was an entirely different contract than Exhibit 1 and expressly intended to be a substitute therefor. Having admitted its execution plaintiff could not impeach it by parole, nor be permitted to prove that it was something other and different than, by its plain terms, it purported to be.

Considering the admissions of the replication, and admitting the truth of all matters well pleaded therein, and in the complaint, plaintiff had no cause of action, and no pleadings which could be so amended as to state one.

The judgment of the trial court is accordingly affirmed.

Garrigues, C. J. and Teller, J. concur.