No. 9668.

### BALCOM v. MICHAEL.

CONTRACT—*Construed.* Contract for the planting and cultivation of beans by plaintiff, and the subsequent delivery of the product to defendant. Below the signature to the writing evidencing this agreement was a memorandum in writing in these words, "Guarantee prices as much as any other house." Plaintiff having delivered the beans raised by him and been paid therefor the price specified in the contract, sued for an additional per cent on the ground that another house had paid for beans a price in excess of that paid for plaintiff, and that the clause quoted entitled him to such excess. *Held* that the memorandum relied upon by plaintiff was expressly excluded from the contract by the final provision thereof that "there are no agreements or understandings other than those expressed above."

*Error to Weld District Court, Hon. George H. Bradfield, Judge.*

Mr. WILLIAM R. KELLY, Mr. WORTH ALLEN, for plaintiff in error.

Mr. JAMES W. GAULT, for defendant in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANT in error had judgment in an action against plaintiff in error, to recover an alleged balance for seed beans sold and delivered to the latter. That judgment is

now before us on error. The parties will be designated as in the trial court. It appears that the defendant, a dealer is seeds, made a contract with the plaintiff, a farmer, to raise for and deliver to defendant, a quantity of seed beans. The controversy turns upon the construction of that contract. One Williams, an agent of the defendant, called upon plaintiff, and presented to him a printed proposition, directed to defendant, specifying the manner in which the seeds were to be planted, cultivated, threshed and cleaned, all in detail, but with blanks for the insertion of the acreage and price to be paid, on delivery of the seeds, at Greeley. The final paragraph of the proposition was as follows: "There are no agreements or understandings regarding the subject-matter of this letter other than expressed above." The letter was signed by plaintiff, and below his signature is the acceptance of the defendant, "By Colie Williams." Below that is the following: "Guarantee prices as much as any other house." Plaintiff was paid at the rate stated in the proposition, and then sued for an additional two cents per pound.

On the trial to the court, it was shown that another seed house paid $10.00 per hundred pounds for the same kind of beans, and the court gave judgment for the amount claimed, together with some small items not contested. No findings of fact or of law were made.

It is clearly shown that the agent, Williams, was not authorized to contract for beans at a price greater than $8.00 per hundred. Plaintiff's theory is that defendant ratified the act of his agent in writing the memorandum on the letter, by not repudiating it. Defendant introduced testimony showing repudiation, but, there being a conflict of evidence on that point, we are bound by the court's finding on it which, in support of the judgment, we must presume he made in favor of the plaintiff. The case must, therefore, be determined on a consideration of other features of the case.

The presenting of the letter to plaintiff for signature constituted, in effect, an offer by defendant to contract for

the raising of beans on the terms therein stated. When it was signed by plaintiff and delivered to defendant's agent, and accepted by him, it became a bilateral contract, made by parties having full authority to make it in that form. The memorandum below the signatures was, by the final paragraph of the letter, expressly excluded from the contract. To treat it otherwise is to contradict plaintiff's written statement.

The memorandum amounts to an independent proposition by plaintiff to defendant to modify the contract into which the parties had entered. It was for the plaintiff to show that his proposition was accepted by defendant, as it is clear that the agent had no authority in the premises. Unless defendant consented to it either by word, or by some act which plaintiff was justified in considering an acceptance of his proposition, the original contract controls.

Counsel urges that the silence of defendant must be treated as a ratification of the act of his agent in writing the memorandum on the letter. If, however, the writing was a proposition from the plaintiff, silence on the part of defendant cannot be held to make the memorandum a part of the contract. A principal ratifies the unauthorized act of his agent; but the memorandum was an offer by the plaintiff, and the agent of defendant acted only as plaintiff's amanuensis in writing it on the document. The agent testified that he told plaintiff that defendant's acceptance of it was necessary if it was to have any force. This is not denied, but is corroborated by one of plaintiff's witnesses, his son-in-law, who testified that Williams said he would make the memorandum, "so if Mr. Michael got it through he would get the benefit of it."

On the evidence, as it appears in writing, and on testimony which is not disputed, we are of the opinion that there was nothing in defendant's action which amounts to an acceptance of the memorandum proposition by plaintiff. It must, therefore, be held that plaintiff had no right to recover for the two cents per pound claimed.

The judgment is accordingly reversed with directions to modify the judgment in accordance with the views herein expressed.

Decision *en banc.*

Garrigues, C. J., dissents.