No. 10,260.

CANON CITY INDUSTRIAL STORES CO. *v.* MCINERNEY.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action on promissory note.   Judgment of dismissal.

*Reversed.*

1.   PRINCIPAL AND AGENT—*Agent's Authority.*  One who deals with an agent is, by the knowledge of the agency, put upon inquiry as to the agent's authority, and he accepts the agent's statements of such authority at his peril.

2.        *Contract—Statements of Agent.*   One who signs a contract containing the statement, that no agent is authorized to change, add to, or detract therefrom, is bound thereby, and he cannot defend an action on the contract, on the ground that he trusted,

and relied upon representations of the agent, because of his long acquaintance with him and belief in his integrity.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. D. W. ROSS, Mr. JAMES T. LOCKE, for plaintiff in error.

Mr. E. H. STINEMEYER, Mr. I. W. IBBOTSON, for defendant in error.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error began an action against defendant in error to recover upon a promissory note given for the balance of a sum agreed, in a subscription contract, to be paid by the defendant in error for two shares of stock of the plaintiff in error. The contract was set out in full in the complaint. The defendant filed an answer alleging that the note was given without consideration; and for a second defense that he had been induced to sign the note and contract by misrepresentations made by an agent of the plaintiff, whom he had known for many years, and in whom he had great confidence.

A demurrer to the second defense was overruled. The plaintiff elected to stand upon its demurrer, and the case was dismissed. The ruling on the demurrer is before us for review.

Defendant in error relies upon *Colorado Investment Co. v. Beuchat*, 48 Colo. 494, 111 Pac. 61. In that case there is nothing to show what the authority of the agent was, and the opinion discusses the contract without regard to the agency feature. It is treated as if made in fact by the investment company. The court says:

"As between the original parties, one who has intentionally deceived the other to his prejudice, is not to be heard to say, in defense of the charge of fraud, that the party defrauded ought not to have trusted him."

In this case plaintiff in error is not alleged to have made the misrepresentations; they were made by one acting as its agent. The contract itself contains a statment which warns any one signing it that it contains all the terms of the agreement. It reads as follows:

"I hereby declare that I am subscribing for this stock solely upon the conditions stated in this contract, and the statements contained in the company's printed literature with its name attached thereto,—and I fully understand that no agent or representative of the company has authority to in any manner change, add to, or detract from the same."

The facts in this case are so different from the facts in the case above cited, that it is not authority upon the question here under consideration. In any event, we are not disposed to extend the rule announced in that case beyond the facts therein stated. We are unwilling to agree that because one dealing with an agent has a high opinion of said agent's integrity, he is authorized to assume that the agent possesses all powers which he claims.

The universal rule is that one who deals with an agent is, by the knowledge of the agency, put upon inquiry as to the agent's authority, and he accepts the agent's statements of such authority at his peril. *Saul v. Lapidus,* 46 Colo. 538, 105 Pac. 863; *Witcher v. Gibson,* 15 Colo. App. 163, 61 Pac. 192. Where a principal includes in the contract offered for signature, a statement like that contained in this contract, a person who accepts the agent's statement as a basis of the transaction cannot avoid the effect of his trusting to the agent, by alleging long acquaintance and a belief in the agent's integrity. If the statements made are not in accord with the contract, and the party has acted upon them to his injury, he must abide the result of his negligence in not observing the warning contained in the contract itself.

In *Balcom v. Michael,* 68 Colo. 407, 191 Pac. 97, we had before us the question as to the right to rely upon oral statements of an agent by one who had signed a contract

containing substantially the same warning as is in this contract. We held that such statement was binding upon one who had signed the contract.

The court erred in overruling the demurrer to the second defense, for which reason the judgment is reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.