## No. 10,445.

### ALAMOSA INDUSTRIAL STORES CO. v. HILL.

Decided October 1, 1923.

Action on promissory note.   Judgment for defendant.

### *Reversed.*

1.   PLEADING—*Replication—Denial.*   New matter in a replication is
deemed denied, by the code.

2.         *Answer—Denial of New Matter.*   Pleadings considered and
affirmative defenses held denied by the replication.

3.   JUDGMENT—*On Pleadings.*   In an action on a promissory note,
where defendant admitted execution, delivery, maturity and
non-payment and set up affirmative defenses, which were denied
by the replication, neither party offering any evidence, plaintiff
was entitled to a judgment on the pleadings, and a judgment
in defendant's favor was wrong.

*Error to the District Court of Alamosa County, Hon. Jesse
C. Wiley, Judge.*

Mr. J. D. PILCHER, Mr. CHARLES H. WOODARD, for plain-
tiff in error.

Mr. J. ELZIA JOHNSTON, Mr. CHARLES W. TWYFORD, for
defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the
court.

THE plaintiff in error, Stores Company, payee, brought
this action against the defendant in error, Hill, maker of
a promissory note.   A copy of the note is set out in the
complaint.   The answer admitted execution and delivery.
There are two separate affirmative defenses:   (1)   That
the note was procured as the result of fraudulent repre-
sentations made by the plaintiff's agent to the defendant;
(2)   Failure of consideration.   The replication contains

certain specific admissions, but no admission of either of the separate affirmative defenses, denies all allegations of the answer not specifically admitted, and alleges that the promissory note was given as payment for stock of the plaintiff company purchased by the defendant, and the only contract between the parties was embodied in a subscription contract, set out in *haec verba,* one clause of which reads: "I hereby declare that I am subscribing for this stock solely upon the conditions stated in this contract and the statements contained in the Company's printed literature with its name attached hereto—and I fully understand that no agent or representative of the company has authority to in any manner change, add to, or detract from the same."

This contract was signed by the defendant and the plaintiff's agent. The record is not entirely clear upon the point, but it seems that neither party offered or tendered any evidence, but each filed a motion for judgment on the pleadings. The court sustained defendant's motion and dismissed the action, and the plaintiff is here with this writ.

The parties discuss a number of questions that are not material upon this review. The plaintiff is wrong in asserting that the new matter in the replication is not denied. It is deemed denied by our Code. The defendant is wrong in assuming that there is no denial of the affirmative defenses in the answer. They are denied. It is pertinent to observe, however, that in the new matter pleaded in the replication the language above quoted from the subscription contract is in the exact words of a contract considered in *Canon City, etc. Co. v. McInerney,* 71 Colo. 492, 208 Pac. 457, of which the court said that it put the party signing the same upon inquiry as to the agent's authority, and he accepts the agent's statements of such authority at his peril, and if the statements of the agent made are not in accord with the contract, and the party signing the contract acted upon them to his injury, he must abide the result of his negligence in not observing the warning contained in the contract itself. If, upon a new trial, it

appears that such a contract was made we must presume the trial court will apply the appropriate rule of law. But, as already stated, it is not necessary in the state of this record for this court to express its opinion as to this and several other questions raised by counsel, for the pleading of this contract was denied, under our code, and there was no proof that it was made.

This was the situation as we read the record. The defendant admitted execution of the promissory note, delivery, maturity and non-payment. He set up two separate affirmative defenses in his answer, which the replication denied. Neither party offering any evidence, the plaintiff was entitled to a judgment on the pleadings. The judgment in defendant's favor was wrong. It is, therefore, reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.