No. 10,783.

McInerney v. Canon City Industrial Stores Co.

Decided February 4, 1924.   Rehearing Denied March 3, 1924.

Action on promissory note.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   Pleading—*Conclusion.*  An allegation in a complaint that a corporation expressly authorized representations made by its agent, held to be a conclusion of the pleader, and not a statement of fact.

2.   Contract—*Written—Oral Statements.*  A written contract executed after the making of oral representations must be held to express the final understanding of the parties.

3.   Corporations—*Stock Subscription—Representations—Pleading.*  In an action by a corporation on a promissory note given for a stock subscription, allegations in the answer of misrepresentations in literature, held insufficient to constitute a defense in the absence of any allegation that the corporation signed or authorized the statements.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. Augustus Pease, Mr. E. H. Stinemeyer, for plaintiff in error.

Mr. D. W. Ross, for defendant in error.

*Department One.*

Mr. Chief Justice Teller delivered the opinion of the court.

In 71 Colorado, at page 492 (208 Pac. 457), is announced our reversal of a judgment in this case because of the trial court's having overruled a demurrer to the second defense. The parties now appear in the reverse order.

The defendant, plaintiff in error here, amended his sec-

ónd defense and added a third defense. Demurrers to these defenses were sustained and he brings error.

The action is upon a note given by defendant for the purchase of some stock in the plaintiff company. The note was for a balance under a contract of subscription. The original defense was that the agent who took the subscription made false representations as to the character of the business to be carried on by the company, and the location of its store in Canon City, because of which representation the subscription contract was entered into. The contract set out in the complaint, and admitted by the defendant to have been signed by him, contained the following statement: "I hereby declare that I am subscribing for this stock solely upon the conditions stated in this contract, and the statement contained in the company's printed literature with its name attached thereto, and I fully understand that no agent or representative of the company has au⸺ ɔrity to in any manner change, add to or detract from the same."

In the former hearing we held, on the authority of *Balcom v. Michael,* 68 Colo. 407, 191 Pac. 97, that such a statement was binding upon the signer, and that he could not evade a contract, which he had thus signed, because of any statements made by the agent which varied the terms of the contract.

In the second defense as amended, the defendant sets up that the representations alleged to be false were made "upon the express authority of the plaintiff," though, as he says, the agent was not aware of their falsity. He alleges further that he did not read the contract, and was induced by the agent to sign it on the representation that it was a mere receipt. This amendment is evidently intended to evade the effect of the holding of the court, as above stated. It is first to be noted that the defense sets up no act or statement of the plaintiff from which it can be inferred that it "expressly authorized the representations in question." What the plaintiff did in the premises, if anything, might appear to the pleader to authorize the representa-

tions, but might seem otherwise to the court. The pleading states a conclusion only, and not a fact.

But the defense is insufficient for another reason. It appears from its allegations that the contract was executed after these representations were made, and it would appear, then, that the rule which holds that in such case the writing must be held to express the final understanding of the parties, is applicable. For these reasons, and under the rule laid down in the former hearing, the second defense was subject to demurrer, and the court committed no error in so holding.

The third and new defense sets out at length the contents of some printed literature which it is averred is the literature "referred to in the contract." It is to be observed that it was not alleged that this literature was signed by the plaintiff, though the contract made the company liable only for statements "contained in the company's printed literature with its name attached thereto."

There is no allegation to identify this literature as of the class mentioned in the contract. In fact, it appears to have been a statement made by The Industrial Service Corporation, which, according to the quoted statement, was organized to act as a wholesale house, supplying a number of corporations of the class to which the plaintiff belonged.

In the absence of an allegation that the plaintiff had endorsed these statements, or had used them in obtaining the defendant's subscription, they had no bearing upon the question at issue.

The court was right in sustaining the demurrers. The supersedeas is denied and the judgment affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.