## No. 10,626.

## TIMBERS *v.* MITCHELL.

Decided May 5, 1924.  Rehearing denied June 2, 1924.

Action on promissory notes.  Judgment for defendant.

*Affirmed.*

1.  BILLS AND NOTES—*Fraud—False Representations of Agent.*  Notes
given on a subscription for stock in a corporation, contract for
which was procured by false representations of an agent of the
company, held not enforceable.

*Error to the District Court of the City and County of Den-
ver, Hon. Clarence J. Morley, Judge.*

Mr. HENRY HOWARD, for plaintiff in error.

Mr. TOM. HERRINGTON, Mr. VICTOR ARTHUR MILLER, for
defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the
court.

ACTION by plaintiff in error as endorsee of certain prom-
issory notes given by the defendant in error in part pay-
ment for capital stock of the Federal Finance Corporation.
The answer alleged that the execution of the notes was
induced by fraud of the company and its agent, in that
the company was falsely represented to be organized under
the federal laws, and subject to the supervision of the fed-
eral government.

The court found for the defendant upon this issue, and
entered judgment accordingly.  Plaintiff prosecutes this
writ of error.

The defendant signed a subscription contract which in-
cluded the following:  "It is expressly agreed that no agent
other than the president of the company shall have the
power to change, modify or waive any of the provisions

hereof, and that no condition, promise or agreement other than those printed or written herein shall be binding on either party hereto, and that this agreement, the note or notes given herewith if any, and the stock certificates when issued, constitute the entire contract between the parties, and that all checks, drafts, or notes shall be payable to the order of The Federal Finance Corporation, Denver, Colorado."

Plaintiff in error contends that under this contract the admission of evidence as to what was said by the agent, or any officer other than the president of the company, was error.   He relies upon the case of *Canon City Stores Co. v. McInerney,* 71 Colo. 492, 208 Pac. 457, in which it was held that a statement subscribed by the defendant, to the effect that he subscribed for the stock solely upon the statements in the contract signed, and that he was aware that no agent or representative of the company had authority to vary the terms of the contract, was binding upon him.   The complaint there was that the company had not done what the agent said it would do.   That case, however, is not authority in this case.   There was no attempt here to vary the contract which the defendant signed.   His defense is that he was induced to sign by fraudulent representations made by a duly authorized agent of the company.   It is conceded that the agent who made the representations was an agent of the corporation; that they were made, is established by defendant's evidence, as well as that they were relied upon, and that they were false.

On this state of the evidence the trial court was justified in finding for the defendant.   The judgment is accordingly affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.