No. 10,944.

POLLARD, ET AL. *v*. PETERSON.

Decided January 5, 1925.

Action on promissory note. Judgment for defendant.

*Reversed.*

1. CORPORATION—*Stock Subscription—Fraud of Agent.* In an action on a promissory note given in payment for corporate stock subscription, where the subscription contract stated that it was made solely upon the conditions stated therein, and the company's printed literature, misrepresentations of the company's agent held no defense.

*Error to the County Court of Fremont County, Hon. Kent L. Eldred, Judge.*

Mr. GEORGE H. WILKES, for plaintiffs in error.

No appearance for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error were plaintiffs in an action on a promissory note executed by defendant in error as payment on a subscription for stock in the Canon City Industrial Stores Company. The plaintiffs held the note as purchasers at a sale, in bankruptcy, of the assets of the said Company. The defense was that the note, and the subscription for stock, were obtained by misrepresentation and fraud. Verdict and judgment were for defendant.

The principal errors assigned are that the court refused to direct a verdict for plaintiffs on the ground that there was no evidence to sustain the charge of fraud, and that incompetent evidence was admitted. The subscription contract in evidence is the same as that in the case of *Canon City Industrial Stores Company v. McInerney*, 71 Colo. 492, 208 Pac. 457, and *McInerney v. Canon City Industrial Stores Co.*, 75 Colo. 31, 223 Pac. 756. The contract, which the defendant admitted she signed, contained the following: "I hereby declare that I am subscribing for this stock solely upon the conditions stated in this contract, and the statements contained in the Company's printed literature with its name attached thereto, and I fully understand that no agent or representative of the Company has authority to in any manner change, add to, or detract from the same."

The court admitted evidence of various statements made by agents of the company, and of the contents of a book from which, it was testified, the agents read.

Defendant admitted that she never read anything in the book. Moreover, it did not appear that the book had the name of the Canon City Industrial Stores Company attached. On the contrary, it appears, as it did in the last case cited, to have been a part of the literature of a different company, the Industrial Service Company.

In the cases above cited, we held that statements of agents were not admissible, the subscriber having acknowledged, in the executed contract, that they were not relied upon. While much of this evidence was inadmissible as not constituting actual misrepresentations, and there was error also in the giving and in the refusing of instructions, for the reasons above named, we need not consider these matters. The right of the plaintiffs to recover is clear. The judgment is reversed, and the cause remanded with directions to enter judgment for the plaintiffs.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.