## No. 10,938.

## INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.* EDWARDS.

Decided February 2, 1925.

Action for rescission of contract.   Judgment for plaintiff.

## *Affirmed.*

1. CONTRACT—*Rescission.*  Rescission does not lie, where the defendant, in making a contract, promises to do some act in the future which he refuses to perform, and at the time had no intention of performing.

2.      *Sales—Evidence.*  In an action to rescind a contract for the purchase of a truck, it is held that the record sustains the findings of the trial court, that the representations complained of were made by an authorized agent of defendant, and that the contract for sale of the truck, together with the agreement to furnish the buyer a hauling job, constituted the full and complete contract between the parties.

3. WORDS AND PHRASES—*Waiver* consists of acts and intention.

4. CONTRACT—*Fraud—Waiver.*  Where a contract is procured by fraud, a party who decides to rescind must act with reasonable promptness after discovery of the fraud.  In the case under consideration it is held that there was no waiver of the right by failure to act promptly.

5. PRINCIPAL AND AGENT—*Fraud—Contracts.*  Where a principal retains the benefits derived from his agent's fraudulent acts with full knowledge of the facts, he cannot be heard to say that he is not bound by such fraudulent acts, and where contracts are involved, this principle applies to written as well as oral contracts.

6.  EVIDENCE—*Written Contract—Parol Testimony.* Testimony that the sale of a trucking job was a part of the contract for the sale of a truck, held, under the facts disclosed, not inadmissible as varying the terms of a written contract.

7.  SALES—*Contract—Cancellation.* Contract for the sale of a truck properly canceled where the seller fraudulently represented that the contract included a hauling job which it failed to furnish the buyer.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Mr. FRANK L. GRANT, for plaintiff in error.

Mr. B. A. GATES, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN an action by G. L. Edwards against the International Harvester Company of America, for rescission of a contract of sale of a motor truck, the district court cancelled the sale and required the defendant company to return to the plaintiff the amount he paid it as part of the purchase price and to cancel promissory notes and a chattel mortgage he gave to secure the payment of the balance. The defendant is here with its writ of error.

In separate issues of a Denver newspaper there appeared a short time before the making of the alleged contract several advertisements:

"Look Here.

"A truck hauling proposition you cannot beat. Average earnings $24 per day. Work will last over a year, a written contract if you want it. Down payment of $1,144 on new truck required. International Harvester Co. of America 2308 15th Street."

"Truck Hauling.

"Money-making job that will pay for a truck, give you a good living, and save money. Man that can invest $1,189 can find a real opportunity here with a firm that has

a 90 year old reputation of square dealing. We investigated this work thoroughly and found an average earning of $24 a day, counting rainy days and all delays of the work will take from a year to 18 months to finish. Out of town inquiries telephone please as this will be gone shortly.

"International Havester Company, 2308 15th Street."

"Truck Hauling.

"Good job, big pay, steady; last over a year; written contract by responsible party, must have few hundred dollars for down payment on new truck. Mr. Hewitt or Mr. Doss.        International Harvester Co., 2308 15th St."

The plaintiff read them and went to the office of the defendant in Denver and there had conferences with Mr. Hancock, the agent of the company in apparent authority, concerning their subject matter, who informed plaintiff, in substance, that when a truck was sold the company gave with and as part of the contract of sale thereof, a hauling job which would continue for a period of at least one year. Relying upon the advertisements and the representations made, and believing the same to be true, the plaintiff bought, as he supposed, a hauling contract and a truck, the two together being the subject matter of the sale, and as a consideration paid $1,200 in money, and for the balance of the purchase price of $3,500, gave his promissory notes and secured the same by a chatel mortgage; that at the time the truck was delivered plaintiff signed what purported to be, and was headed, "Order for International Truck", which seems to be a standard form of the company's sales contract. In this written order or contract was a clause that the writing contained the entire agreement relating to the sale of the motor truck, and there was another clause that the warranties contained therein are in lieu of all other warranties, express or implied, between the parties, and that no person, agent or dealer is authorized to give any other warranties on the company's behalf or to assume for it any other liability in connection with any other motor truck. When the plaintiff produced the published advertisements and showed them to Mr. Han-

cock, the latter was asked if he could use any more men on the job and was told that the company could use two or more men, and then turned the plaintiff over to Mr. Doss, a salesman, and it was with Mr. Doss and Mr. Hewitt, both salesmen of defendant, that the contract for the job and the truck was thereafter consummated at defendant's place of business.  Doss and Hewitt thereafter came to the plaintiff's residence and the matter was gone over at great length.  Plaintiff was told by them that in reality by entering into the contract of sale he would be working for the defendant company, a responsible and well established business concern.  They said they, defendant's salesmen, were selling to the plaintiff the job, and talked about the truck only when plaintiff asked questions about it and plaintiff evidently thought, and the trial court doubtless believed him, and found that plaintiff supposed that the subject matter of the sale was the job and the truck, and not that the plaintiff was buying only a truck which he might be able to use in doing a hauling business.  Plaintiff said that he could not use the truck at all without the job, and was assured by these agents that he would get the appropriate contract and that it would be signed by the defendant company.  In pursuance of these conversations and negotiations the plaintiff thereafter went to the defendant's office where Hewitt and Doss were, and there were then presented to him the notes and the written agreement, or order, all of which he signed.

Hewitt and Doss, at the time these instruments were signed, had another business or contract that they were carrying on, hauling different kinds of material for several contractors.  They gave to plaintiff what they called a written contract for hauling, although the paper was signed only by Edwards and not by Hewitt or Doss, and it was this alleged contract that they told Edwards he must sign, if anything, which they evidently intended him to believe, and which he did believe, was, in substance and effect, the completion of the contract; in other words, that the entire contract between the defendant company and the plaintiff

consisted of the written contract or order for the sale of the truck and the purported hauling agreement which the defendant's agents palmed off on him, but did not themselves sign. The trial court found that the contract as testified to by plaintiff was entered into by him because of fraudulent misrepresentations of facts made by defendant's agents and that the equities were with the plaintiff, and upon these findings entered the decree of rescission as above stated.

Counsel for the defendant company devotes his argument largely to legal propositions which he says were violated by the trial court, and by reason of errors therein concludes that the decree should be reversed. In substance, the contention is that as the order signed by the plaintiff for the purchase of the truck was in writing, all previous representations and negotiations were merged therein; that the warranties contained in the written order were in lieu of all other representations and this order was a notice to the plaintiff that no agent of the company could assume for it any liability in connection with the sale other than those expressly contained in the order itself; that the complaint does not state a proper cause for rescission, but, if it does, any claim based on fraudulent representations was waived by plaintiff since at the time he entered into the contract he was informed that the defendant company would not sign a contract calling for a job; that he waived the alleged fraud by not rescinding promptly and in entering into an independent contract concerning a job with the agents of the defendant; that the agents of the defendant with whom plaintiff dealt were mere salesmen, and plaintiff was in law charged with knowledge that, as such, they did not have the authority to enter into a contract with him for a job in connection with the sale of defendant's truck; that, at most, if the defendant incurred any liability it would be merely for breach of a promise to do some act in the future for which an action for damages, but not rescission, lies. There may be some other reasons or arguments advanced

in support of the defendant's contention, but they are of the same general character.

Though the argument is pressed with skill and ingenuity, we are not impressed with its soundness. In this state rescission does not lie where the defendant, in making a contract, promises to do some act in the future which he refuses to perform, and at the time had no intention of performing. *Farris v. Strong,* 24 Colo. 107, 48 Pac. 963; *Baker v. Allen,* 68 Colo. 59, 189 Pac. 4. Other cases by this court announce the same doctrine, although there are decisions in other jurisdictions to the contrary. But that principle does not apply to the facts of this case. These advertisements were signed by the defendant company. There is no claim that the company did not know of or did not authorize them. The company is a foreign corporation. It acts only through agents. These advertisements on their face show that the company had for sale hauling propositions; that the job of hauling is the principal thing advertised, though there is reference in one of them to a truck indicating that the hauling is to be done by a truck. When the plaintiff appeared at the defendant's office with these advertisements and showed them to the agent in charge of sales, there was no disclaimer or statement by this representative that the advertisements were not authorized by him, or not published with his authority, or that the company did not have, or was not proposing to sell, a job and a truck or a truck with a job. On the contrary, the plaintiff was told by defendant's representative that the company could use two or more men on the job very nicely and turned him over to Mr. Doss, one of its salesmen. We think the record sustains the finding of the trial court that an authorized agent of the defendant, not only by these advertisements, but by statements of its selling agents, represented that the company had for sale and proposed to sell to him a hauling job and a truck with which to do the hauling. The record also sustains the finding of the court that the plaintiff supposed, and had reason to believe, from the statements made by the de-

fendant's authorized agents, that this writing referring to the truck and to which he affixed his signature, supplemented by the writing relating to the job, together completed and constituted the entire contract which he made, or supposed he was making. That is, that the two writings together constituted the full and complete contract which he was led to believe he was entering into.

After the truck was delivered to the plaintiff, he began work of hauling and continued only for a few days, and no further work was furnished him. When he was satisfied that the company did not intend to carry out the actual contract which they induced him to enter into, he seasonably tendered the truck to the defendant in as good condition as it was when it was delivered to him, and asked for a return of the first payment which he made and a surrender and cancellation of the promissory notes and chattel mortgage, which they refused to do or to give him any satisfaction whatever.

As we read this record it does not show any waiver by the plaintiff. Waiver consists of act and intention, and there was no intention on the part of the plaintiff to waive any rights that he had as against the defendant. In such cases as this the party dissatisfied with a contract, and who decides to rescind, must act with reasonable promptness after discovery of the fraud which he alleges induced him to make it. There is no particular time within which a party must act. He has a reasonable time and he is not required to act until he has full knowledge of the facts which he claims were fraudulent. These requirements were met.

On the question of agency it may be that a mere salesman has not authority from his principal to make fraudulent statements, and it is not every fraudulent statement that an agent makes which binds his principal. The case as made here is that, after notice and knowledge had been brought to the attention of the defendant company, the principal, that its agents through fraudulent representations had induced this plaintiff to enter into a contract,

assuming that it is the contract set up by defendant, it still retained the benefits which it derived from the agents' fraudulent acts. Thereby the principal adopted the fraud of the agents and as with full knowledge it retained the benefits, it cannot be heard in this action to say that it is not bound by the fraudulent acts of its agents. It must take that contract with its burdens as well as its benefits. Counsel for the defendant does not dispute this legal proposition but says that the principle applies only when the contract in question is an oral contract. He does not cite any authority for his contention. The principle is just as applicable to a written, as to an oral, contract.

Neither does this record present a case where an attempt is made to contradict or vary the terms of a writing by oral testimony of preceding preliminary negotiations or conversations. That rule prevents a party from introducing evidence that contradicts or varies the terms of a written contract. The plaintiff has not attempted to infringe and has not violated that rule by the production of oral testimony. The written order which is referred to by plaintiff's counsel as the contract of sale, and the warranties contained therein and the notices to parties dealing with the company that no agent has any authority to incur any liabilities other than contained in the written instrument, refer to the warranties as to the truck and do not relate to the job feature of the contract. Testimony that the sale of a job was one subject of the contract does not vary the terms of the written agreement concerning the truck. In other words, there were two subject matters of this contract; one, the purchase and sale of a truck, the other the purchase and sale of a hauling job, each separate subject matter being evidenced by a separate writing. The defendant company did not comply with its contract. Its agents falsely represented to the plaintiff and induced him to believe, contrary to the fact, that he was, by the written order of sale and the separate writing for a job, getting what he intended to secure and what he was told he was securing by these two instruments

in writing, a hauling job and a motor truck. He got the truck but not the job, though he was the victim of jobbery.

It seems to us it would be a reproach to the law·if plaintiff was to be denied relief in this action. The trial court saw these witnesses and heard their testimony. Its findings that intentional misrepresentations of fact were made by the defendant's agents, which defendant ratified, with full knowledge thereof before this suit was brought, rest upon sufficient legal evidence. As defendant may not retain the benefits of a contract and in the same breath deny its liability for the frauds of its agents by which those benefits were secured, that portion of the entire contract concerning the sale of the truck was properly cancelled since the defendant declined and persisted in declining to complete the entire contract by furnishing the job. The consideration that the defendant got from the plaintiff covered both these subject matters of the sale.

The decree of the court was right and it is affirmed.

Mr. Chief Justice Allen and Mr. Justice Sheafor concur.