No. 11,048.

LOVELAND, ET AL. *v.* TURNER.

Decided June 22, 1925.

Action on promissory notes. Judgment for defendant.

*Reversed.*

1. EVIDENCE—*Written Contract—Parol Testimony—Sales.* Parol testimony is inadmissible to vary the terms of a written contract, and the rule applies to contracts of sale whether formally executed or existing in the shape of orders and acceptances thereof.

*Error to the District Court of Bent County, Hon. A. F. Hollenbeck, Judge.*

Mr. FRED W. CUCKOW, for plaintiffs in error.

Mr. WILKIE HAM, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE plaintiffs in error brought suit against the defendant in error on six promissory notes and for the purchase price of certain merchandise. The defendant had judgment, and the plaintiffs come here on error.

The record discloses that the defendant, at the instance of a salesman of the plaintiffs, signed a formal written order and contract and six promissory notes attached to the written instrument, for the sale and purchase of two phonographs and certain phonograph records, and delivered the notes and contract to the salesman, to be forwarded by him to the home office at Iowa City for approval. The order and contract was duly approved, the notes accepted, and the phonographs and records shipped

to the defendant at Las Animas, this state, in compliance with the order and contract, which were duly received by the defendant and placed by him in his place of business. It is admitted that the defendant signed the written order and contract and the promissory notes, and that they were delivered to plaintiff's salesman to be forwarded to the plaintiffs at Iowa City, and that the two phonographs and records were shipped by the plaintiff and received by the defendant at his place of business in Las Animas.

At the trial defendant was permitted to testify to the negotiations and conversations had between himself and the salesman at and prior to the time of signing the notes and contract, and to give testimony contradicting and varying the terms of the written instruments and tending to establish a different contract, to the effect that the defendant was not to buy the phonographs and records, but only to exhibit them in his place of business, which were to be sold by him on commissions. The record presents a case where the attempt was made to contradict and vary the terms of a writing by oral testimony of the preceding preliminary negotiations and conversations leading up to the execution of the written contract.

The rule is elementary which forbids a party from introducing evidence which contradicts or varies the terms of a written contract. The introduction of oral testimony by the defendant was a violation of that rule. *International Harvester Co. v. Edwards,* 76 Colo. 531, 233 Pac. 164.

Corpus Juris states the rule thus: "The parol evidence rule applies in full force to contracts of sale, whether relating to real or personal property, and whether formally drawn up and executed or existing only in the shape of offers or orders and acceptances thereof, and such contracts cannot be added to, varied, contradicted or controlled by parol or extrinsic evidence." 22 C. J. 1114.

Judgment reversed and cause remanded, with directions

to enter judgment for the plaintiffs in compliance with the prayer of the complaint.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE DENISON concur.