No. 13,080.

HOFFMAN *v.* WICHITA FARM LIGHTING COMPANY.
(28 P [2d] 808)

Decided January 2, 1934.

Mr. GRANBY R. HILLYER, for plaintiff in error.

Mr. ALLYN COLE, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Hoffman and defendant in error as the company.

The company, through its agent, by written contract

dated March 22, 1931 (hereinafter referred to as A), sold Hoffman certain lighting and heating equipment, for $498. It was provided by A that Hoffman should pay by note due December 1, 1931, without interest. Hoffman neither executed such a note nor paid otherwise, and June 5, 1931, the company brought this suit for said sum.

The defense was a certain oral guaranty, which it was alleged was to be, but was not, written into the contract. The company's corporate capacity was also denied. The replication denied the guaranty. When the cause came on for trial the company's corporate capacity was admitted, and its counsel thereupon moved for judgment on the pleadings. That motion was sustained, and to review the judgment entered accordingly Hoffman prosecutes this writ. Of the five assignments of error four amount simply to the contention that there was a triable issue and hence the motion should have been overruled. On behalf of the company it is contended that this writ should be dismissed because the action is not properly before us. We prefer to dispose of it on the merits.

One provision of A, as admittedly signed by the parties, is: "It is expressly agreed by the purchaser that no * * * agent * * * has made any statements * * * verbal or written * * * as to the amount of calcium carbide that will be required for use in or operation of the generator purchased hereunder, * * * or any other condition than the absolute sale of said generator and other material."

The answer alleges: "That during the negotiations leading up to the signing of said contract the defendant [Hoffman] informed the plaintiff [the company] * * * that he would not purchase * * * unless the plaintiff would guarantee, by its agreement in writing, that such appliances could be operated as cheaply and economically as any other equipment designed for similar purposes, and that plaintiff, its agents and employes thereupon agreed by and with the defendant that such provisions would be placed in said contract."

Had the agent so modified the contract that provision would have been invalid. *Balcom v. Michael,* 68 Colo. 407, 191 Pac. 97. Evidence of "negotiations leading up to" a contract are inadmissible to vary its terms. *Loveland v. Turner,* 77 Colo. 544, 237 Pac. 1115; *Brown v. Barth,* 67 Colo. 214, 184 Pac. 300. Hoffman knew he was dealing with an agent and by that knowledge was put upon inquiry as to the agent's authority. That authority was limited by A as above recited and that limitation was binding. *Canon City Co. v. McInerney,* 71 Colo. 492, 208 Pac. 457.

The sixth assignment goes to the amount of the judgment. This, it is contended, should have been for but one-third of the purchase price, instead of the full amount thereof, because A contains a cancellation clause so stipulating. That clause however provides a specific method of rescission, and notice to be given in that event. The record shows no compliance therewith hence there was no rescission. Black on Rescission and Cancellation §§513, 514.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND concur.