No. 39,947

The Holland Furnace Company, a Corporation, *Appellee*, v. Harold C. Williams and Mildred Williams, his wife, *Appellants*.

(295 P. 2d 672)

Opinion filed April 7, 1956.

G. Clay Baker, Harold E. Doherty and Ernest J. Rice, all of Topeka, were on the briefs for the appellants.

Michael A. Barbara, of Topeka, argued the cause and Robert W. Domme, of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: This was an action to recover the purchase price of a gas converter burner. Judgment was for the plaintiff sustaining its motion for judgment on the pleadings. Defendants have appealed.

The petition alleged plaintiff was a corporation engaged in the business of selling and installing furnaces and furnace burners; gave the address of defendants and alleged plaintiff through its agent Summers entered into a conditional sales contract with defendants, by which it was to sell and install a burner in defendants' premises; and defendants agreed to pay plaintiff $385 therefor; that plaintiff delivered and installed the burner as agreed and defendants refused to pay for it although plaintiff had demanded payment; that it was exercising its option by declaring the entire sum payable and immediately due. Judgment was prayed for $385, with interest.

A copy of the conditional sales contract was attached to the petition (omitting the portion of this contract not important to us now). It provided that the burner should remain personal property

whether attached to the realty or not and the title should remain in the seller until the buyer made final payment, whereupon title should vest in the buyer; that if the buyer should default in any payment or fail to comply with any condition of the contract, seller might at its option declare the entire balance due and payable and sue to recover, thereby vesting title in the buyer, or take possession of the property and hold it as its property and retain all payments made as rental. The contract further provided that it was subject to acceptance by the general office of seller and if any of the counter parts of the contract should differ the counter part designated "General Office Copy" should be conclusive evidence of the agreement. The contract contained the following:

"THIS CONTRACT CONTAINS THE ENTIRE AGREEMENT BETWEEN THE PARTIES. VERBAL UNDERSTANDINGS AND AGREEMENTS WITH REPRESENTATIVES SHALL NOT BIND THE SELLER UNLESS SET FORTH HEREIN. THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, OTHER THAN THOSE HEREIN STATED."

To this petition the defendants answered, first with a general denial, then admitting the signature on the note and contract, but alleging they were both secured by fraud. The answer then alleged the agent of plaintiff inspected defendants' furnace and burner and advised defendants, defendants' burner was defective and would permit carbon monoxide gas to escape into the house and defendants and their children would be asphyxiated if the burner was not removed immediately; that the above statements were false and were known by the agent to be false when made and were made for the purpose of frightening defendants into buying a burner from plaintiff; that the agent held himself out as advising defendants, who knew nothing about furnaces or burners, and defendants relied on the statements made by the agent when the note and contract were signed; that after the burner was installed defendants learned about the fraudulent statements and immediately notified the plaintiff to remove it and take it back, but plaintiff had refused to accept it; and that there was no consideration for the note and contract.

The reply was a general denial. Plaintiff's motion for judgment on the pleadings was sustained and judgment was entered for $385. Defendants' motion for a new trial was overruled.

The specifications of error are that the trial court erred in rendering judgment against defendants; in sustaining plaintiff's motion for judgment; and in overruling defendants' motion for a new trial.

Defendants concede that the motion for judgment should have

been sustained if the answer did not state a defense. The allegations in the answer, upon which they rely, are that the agent of plaintiff told them the burner already in their house was defective and it would permit monoxide gas to escape into their house and their children would be asphyxiated unless it was removed immediately; and that the statements were false and known by the agent to be false when made and were for the purpose of frightening defendants and inducing them to buy a burner from plaintiff; that the agent held himself out as advising defendants and that defendants relied upon such statements when the note and contract were signed.

The contract was only to become effective on acceptance by the home office of plaintiff. In such a case the rule is as stated in *Colt Co. v. Odom,* 136 Miss. 651, 101 So. 853. There the court said:

". . . Ordinarily, where an agent has authority to execute a complete contract for its principal, and does so, it may be avoided if the agent made fraudulent representations to induce the signature or execution of the contract. But where the contract shows on its face that it is not to be executed by the agent for the company, but is to be sent to the company to be approved by some officer or manager of the company and the purchaser represents in his contract that no representations have been made to him other than that contained in the contract, the company has a right to rely upon such stipulations by the purchaser.

"Every person has a constitutional right to limit the powers of his or its agents, and if it reserves a right to pass upon the contract as sent to it, and the purchaser represents in such contract that no outside representat'ons have been made, and the contract contains all the agreements of the parties, such purchaser will not thereafter be permitted to show statements made by the agent to him not embraced in the contract, where such person is able to read and write, and to note the terms of the contract in writing before he signs it, and his failure to read it will not exonerate him from the consequences resulting from such failure to read. He cannot represent to the company that no representations have been made by the agent to procure the execution of the contract, and thereafter repudiate it on the ground that the agent misled him. . . ."

See, also, *Berry v. McKay,* 194 So. 299; also *Trujillo v. Wichita Co.,* 91 Colo. 307, 14 P. 2d 1009; also *Colt Co. v. Kocher,* 123 Kan. 286, 255 Pac. 48. In the latter opinion we said:

". . . It may be noted that the contract recited that the instrument covered all the agreements between the purchaser and the company, and that no agent or representative of the company had made any statements, representations or agreements, verbal or written, modifying or adding to the terms and conditions set forth.

"The agents were acting upon limited powers. They were no more than

mere solicitors. The defendants admitted they did not read the contract; that they made no attempt to do so. There was neither allegation nor proof that the signature of the defendants to the contract was procured by fraud. It was the duty of defendants to learn and know the contents of the written agreement before executing it. Failure to read or to obtain a reading of it was gross negligence on their part. It is presumed that the contract contains the whole and only terms agreed upon between the parties."

It seems clear the agent in this action had no authority to bind plaintiff by any statement as to the condition of defendants' burner. Therefore, proof of what was alleged in the answer would not have constituted a defense to the cause of action stated in the petition.

The judgment of the trial court is affirmed.