FREDERICK P. FORSTER, Respondent, *v.* CHARLES E. MOORE and Another, Appellants, Impleaded, etc.

*Parol authority to fill in the consideration in a mortgage — insertion of too large a sum.*

Parol authority is sufficient to authorize the filling up of a blank as to a material part even of a sealed instrument, and the fact that the amount of the consideration of a mortgage as written therein in a blank by the mortgagee, in good faith, is somewhat greater than the correct amount, does not affect the validity of the instrument.

APPEAL by the defendants, Charles E. Moore and another, from a judgment of foreclosure and sale of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of

New York on the 23d day of January, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

*R. J. Robeson*, for the appellants.

*H. A. Forster*, for the respondent.

Barrett, J. :

This is an appeal from a judgment of foreclosure and sale. The action was to foreclose a third mortgage upon property in One Hundred and Sixteenth street, in this city, executed by both defendants. The consideration was in blank at the time when the mortgage was executed, and the main question presented by this appeal is whether the plaintiff was authorized subsequently to fill in the consideration. This question of fact has been decided adversely to these defendants, and, we think, correctly. Everything in the case points to the justice of the plaintiff's position. The property formerly belonged to the defendant Charles E. Moore. It was deeded by him to the plaintiff to secure the latter for advances made for Moore, and also to secure him against risk in giving a certain guaranty for Moore's benefit.

Later, the property was conveyed by the plaintiff to Moore's wife, the defendant Elizabeth Moore, at Moore's request, she giving back the present mortgage, which, as between herself and the plaintiff, was the sole consideration for the transfer. To carry out the particular transaction which necessitated the transfer the plaintiff was to make further payments on Moore's account, the precise amount of which could not be ascertained at the moment when the mortgage in question was executed.

Of course, so long as the title remained in the plaintiff he was secured against all advances. The giving up of the title and the substitution of the mortgage were solely for Moore's benefit and to enable him to carry out a transaction whereby he hoped to save the property. The intention of the parties was to keep the plaintiff secured precisely as though he still held the title. As the plaintiff was to make advances even after the delivery of the mortgage it was entirely natural that he should be permitted to add such advances to those already made and to fill in the consideration for the total amount due him. It would have been the height of folly

for the plaintiff to make further advances without adequate security after parting with his title. And such security could only be by mortgage. The testimony is clear and convincing that the parties intended to give him this security, and that to effectuate such intention they both fully authorized the filling up of the blank with the amount due or to become due to him.

And this was honestly done for the amount which the plaintiff believed to be due him. Shortly afterwards the plaintiff gave the defendant Charles E. Moore, in writing, a full and detailed statement of the items which made up the consideration written in the mortgage. This was in the form of a letter, to which Moore replied the next day without objecting to a single item. And it was not until the plaintiff, two days later, expressed a determination to foreclose the mortgage that Moore objected to this statement and questioned the mortgage.

The finding of fact on this head must be sustained. The legal conclusion follows that the instrument was valid. It is well settled that parol authority is sufficient to authorize the filling up of a blank, as to a material part, even in a sealed instrument. (*Chauncey* v. *Arnold*, 24 N. Y. 338; *Knapp* v. *Maltby*, 13 Wend. 587; *Texira* v. *Evans*, 1 Anst. 228.) The blank in the present instance was properly filled in, by the same authority, for advances made after the execution of the instrument. This is upon the principle which governs with respect to mortgages given to secure future advances.

The learned justice at Special Term, upon a full inquiry as to the amount justly due to the plaintiff, eliminated from the case a small part of the amount which was filled in.

Thus the judgment of foreclosure runs only for the sum actually due and payable to the plaintiff. The fact that the amount filled in as the consideration of the mortgage was somewhat greater than the amount awarded upon the trial does not affect the validity of the instrument, as it is not pretended that the larger sum was fraudulently inserted. It was simply a miscalculation. There can be no doubt that the plaintiff believed that the sum inserted was accurate. And the defendants cannot complain because the court, upon a revision of the plaintiff's items of claim, has done them full and complete justice.

There is nothing in the point with regard to the application by the receiver of the rents collected by him. They clearly belonged to the plaintiff, as the receiver must have been appointed on his application in this action.

The judgment should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.