THE STATE v. WILLIAM BRUNET ET AL.

Submitted December 2, 1915—Decided March 2, 1916.

Prior statements made by a witness contradictory of her testimony at the trial are only admissible for the purpose of discrediting or neutralizing the effect of the testimony given, and are not admissible for the purpose of proving the facts set out in such statements.

On error to the Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *William R. Wilson.*

For the state, *Alfred A. Stein,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendants were indicted for the felonious killing of one Laurence Bagasse, and were convicted of the crime of manslaughter. One of the witnesses called by the state was Catherine Gorddard. Her testimony having been unsatisfactory to the prosecutor, he then called Mr. O'Connor, the assistant prosecutor of the county, and proved by him that Mrs. Gorddard had, on a previous occasion made a statement of the facts connected with the homicide differing very materially from her testimony on the witness-stand; that the statement was taken down in writing and

then read over to and signed by her; the statement having been voluntarily made and sworn to by her. This statement was offered in evidence and received by the court over the objection of the counsel for the defendants. The purpose of its offer, as stated by the prosecutor of the pleas at the time of its admission, was the proving "of the truth of what happened on that occasion, and because the state was surprised by what the witness said on her earlier examination." In the charge to the jury the court, in dealing with Mrs. Gorddard's testimony, said: "You will take her testimony as she told you it originally on her direct examination, and compare it with the statement which she signed in the prosecutor's office, and decide whether she was telling the truth then, or telling the truth afterwards when she was under cross-examination by Mr. Wilson." Exception was taken to this instruction.

The written statement was not competent "for the purpose of proving the truth of what happened" on the occasion of the homicide. Prior statements made by a witness contradictory of her testimony on the stand, are only admissible for the purpose of discrediting or neutralizing the effect of the testimony given; they are not admissible for the purpose of proving the facts set out in such statements. *State* v. *D'Adame,* 84 *N. J. L.* 386; *State* v. *Kysilka,* 85 *Id.* 712. It was harmful error, therefore, to receive in evidence the prior statement of Mrs. Gorddard for the purpose for which it was offered.

From what has already been said, it was manifestly erroneous for the trial court to permit the jury to determine, by a comparison of this statement with the testimony given by the witness while on the stand, whether she was telling the truth when she made the statement or telling it when she was on the witness-stand and under cross-examination by counsel for the defendant.

The written statement is not printed in the state of the case. We are told by counsel that it was lost after having been sent to the jury room. Its absence, however, is not material, by reason of the fact that its purport is made plain by what was said by the prosecutor of the pleas when offering it in evidence, and by the court in the charge to the jury.

We have examined the other assignments of error and grounds of reversal and find them without merit; they are not of sufficient importance to require specific mention.

The judgment under review will be reversed for the reasons stated.