No. 8718.

HALLIWILL *v*. WEIBLE ET AL.

1. DEED—*Execution—Blank as to Grantee,* parol authority to fill is sufficient. Such authority may be inferred from the conduct of the party, justifying the inference.

One who delivers to another a conveyance of land, blank as to the grantee, but with authority to fill this blank, is estopped to deny the instrument where the agent has acted in conformity with the authority.

2. —— *Delivery.* A deed becomes effective only upon delivery. Delivery may be made by an agent, and the agent authorized thereto may insert the name of the grantee.

3. SEALS—*Abolished.* A writing under seal is no more than a simple contract (Rev. Stat. sec. 682).

*Error to Prowers District Court, Hon. A. Watson
McHendris, Judge.*

Mr. W. A. MERRILL, Mr. ALLYN COLE, for plaintiff in
error.

Messrs. HILLIARD, LILLIARD & FINNICUM, Mr. J. K.
DOUGHTY, for defendants in error.

Mr. Justice White delivered the opinion of the court.

THE cause of action is the partition of certain real estate
in the Town of Granada. It was brought by plaintiff in
error against Charles H. Weible, who disclaimed any in-
terest in the premises, and thereupon, by proper pleadings,
Wilson became the real defendant in the case; and, upon
trial, judgment was entered in his favor. Wilson claimed
to be the owner in fee, and entitled to possession of the
premises, under and by virtue of a certain warranty deed,
made, executed and delivered to him for a valuable con-
sideration by the plaintiff and Charles H. Weible, who was
then her husband, on or about the 10th day of November,
1913. Plaintiff denied that the instrument was her deed;
admitted that on or about the date designated she signed
and acknowledged a deed purporting to convey the prem-
ises, but alleged that no grantee was named therein, and
that there was no consideration therefor. She further
alleged that her husband had "represented to her that if
she would sign and acknowledge a deed in blank, he could
and would sell the property for enough to enable him to
pay her One Thousand Dollars for her interest in the
premises," and that she had received no compensation
whatever for her interest therein, and had never authorized
the insertion of the name of defendant Wilson as the
grantee in said deed. The pleadings on the part of Wilson
set forth the deed in *haec verba*, prayed that the title to the
premises be quieted in him, and for possession thereof; and
alleged that in consideration of the delivery of the deed
conveying to him the premises, subject to an incumbrance
of $7.00, which he assumed and agreed to pay, he, under

the direction of the plaintiff's husband, executed and acknowledged a deed to certain lands owned by him in Las Animas county, and gave such instrument of conveyance to plaintiff's husband upon receipt of the aforesaid instrument of conveyance of the premises in controversy, and that plaintiff should not be permitted, in good conscience and equity, to deny that she had executed and delivered the deed under which he claimed the premises.

The undisputed facts are that plaintiff, until a few days before the institution of this suit, was the wife of defendant Charles H. Weible; that on November 10, 1913, and for some time prior thereto, each owned an undivided one-half interest in the premises in question. Plaintiff considered the property subject to the mortgage indebtedness thereon, worth $2,000., and desired to sell her interest therein for $1,000. Her husband was negotiating for its purchase, and wrote her that he could make the deal, through trading the premises for two houses in Denver; and that if she would sign a deed without designating a grantee therein, and send the same to him in Denver, he would close such trade, borrow $1,000 on the property he received in exchange, and send the same to her, in payment of her one-half interest in the premises. Plaintiff thereupon signed and acknowledged a warranty deed, in which there was no grantee named, purporting to convey her interest in the premises, and transmitted the same to her husband as requested. Plaintiff testified that her husband did not tell her the name of the person who owned the property for which he intended to trade; that she intended that the person to whom he delivered the deed should get the property therein described, and did not question that her husband would give her the money, and did not care in particular what trade was made, if she got her money. Wilson was eighty-three years old, had been a farmer all his life, and the transaction between him and plaintiff's husband was carried on through a real estate agent by the name of Waterman who brought the deed to Wilson with the name "John Wilson" therein written as grantee; and upon Wil-

son calling attention to the fact that his name was "John A. Wilson," Waterman inserted the initial "A." Shortly after the transaction, Waterman, in his office, introduced the plaintiff to Wilson, when the former said to the latter: "You are the new owner of the hotel," (the property in controversy here), to which Wilson replied that he was. It was some sixty days thereafter that plaintiff first complained of lack of authority in her husband to consummate the transaction.

Upon this state of facts the question arises: Is the instrument under which Wilson claims title the valid deed of plaintiff? In many, if not in most of the early decisions, and in some of the later, the courts have adopted the strict view and held that blanks in a deed of conveyance may not be filled, except by authority under seal, yet the more modern view in the United States "and that now supported by the weight of authority, at least of modern authority, is that parol authority is sufficient to authorize the filling of blanks left in sealed instruments." I. R. C. L., § 41, pp. 1009, 1010. In fact, in those jurisdictions that have by statute abolished seals, which is the case in this state, §682 R. S. 1908, it seems that the decisions are harmonious in holding that where a party executes a deed, bond or other instrument with a blank to be filled, like grantee, obligee, or payee to make it complete, he may by parol authorize another to fill the same, and when so perfected and delivered to the grantee, it is a valid instrument. Authority under seal being no longer necessary to give validity to such instruments, they are on the same footing as simple contracts, and the same rule should be applied to all. *Montgomery v. Dresher,* 90 Neb. 633, 134 N. W. 251, 38 L. R. A. (N. S.) 423. Such also is the substantial effect of *Palacios v. Brasher,* 18 Colo. 593, 596, 597, 34 Pac. 251, 36 Am. St. 305.

It is true that authority to make a deed must be given by deed; nevertheless, the insertion of the name of the grantee in a blank left in such instrument does not properly fall within the inhibition of that rule. Such insertion

merely completes the writing of the instrument and does not change its legal effect. The principle is stated as follows: "The rule that the signing, sealing and delivery of a blank which is to be filled as a deed can give no authority to make the paper a deed, was never intended to prescribe to the grantor the order of time in which the several parts of a deed should be written. The whole act of execution is finally consummated by delivery, and if the grantor should think proper to reverse the usual order in the manner of executing the instrument, but in the end perfect it by delivery, it is a good deed." 2 C. J., § 128, p. 1248. As a deed becomes effective only upon delivery, and an agent may perform that function, a deed, executed with blanks for the insertion of the name of the grantee, given to an agent and subsequently filled and delivered by the agent of the grantor, is valid.

*Farmers' Bank v. Worthington,* 145 Mo. 91, 46 S. W. 745; 2 C. J., § 129, p. 1248, § 133, p. 1249; *Cribben v. Deal,* 21 Ore. 211, 27 Pac. 1046, 28 Am. St. 746; *Friend v. Yahr,* 126 Wis. 291, 298, 104 N. W. 997, 1 L. R. A. (N. S.) 891, 710 Am. St. 924; *Lafferty v. Lafferty,* 42 W. Va. 783, 787, 789, 26 S. E. 262.

In *South Berwick v. Huntress,* 53 Me. 89, 96, 87 Amer. Dec. 535, it is said: "When the instrument is a sealed instrument, when signed by the party, the filling in of the blanks afterwards by another is not, strictly speaking, the execution of a sealed instrument. That has already been done by the party himself. The third party does not make it a specialty by his act. It was one before. The filling up merely perfects an imperfect sealed deed or bond." Moreover, the authority to fill such blanks may be conferred orally, or it may be implied from facts which fairly justify the inference.

*Hall v. Kary,* 133 Iowa 465, 468, 110 N. W. 930, 119 Am. St. 639; *Swartz v. Ballou,* 47 Iowa 188, 29 Am. Rep. 470; *Forster v. Moore,* 156 N. Y. 666, 50 N. E. 1117, affirming the decision in 79 Hun. 472.

It has been held that where a party executes a deed having a blank instead of the name of the grantee, and delivers the same to another in such imperfect state, he intends thereby to confer on such other authority to complete the instrument and make it effective by delivery to the grantee whose name is inserted.

*Friend v. Yahr, supra; So. Berwick v. Huntress, supra.*

So it has been declared that where a note and mortgage fully executed, except a blank in each for the name of the payee and mortgagee, were delivered to an agent, who was to procure from whomsoever he could a loan of money thereon for the maker, it shows an intent that the agent should fill the blanks, and when so filled the instruments were valid without a new execution and delivery. *Van Etta v. Evenson,* 28 Wis. 33, 9 Am. Rep. 486. In *Swartz v. Ballou, supra,* where the owner of land executed a deed without designating a grantee therein, and placed it in the hands of another party under circumstances which raised an implied authority in the latter to insert the name of the grantee, it was held that the insertion of the grantee's name, either by the party receiving the deed or by some one authorized by him, made the instrument effective as a conveyance. So the facts here warrant the conclusion that plaintiff intended that there should be inserted in her deed as grantee the name of any person with whom her husband might consummate a trade or sale of the property in question. Furthermore, in the instant case the deed came to the defendant Wilson for a valuable consideration, with his full name written therein as the grantee. It had been signed, acknowledged and sent out by the plaintiff with the intent that it should convey title to the person whose name was inserted therein as grantee by or through the authority of her husband. There is ample evidence to warrant the conclusion that Wilson's name, including the initial "A," was so inserted; and the plaintiff is, therefore, estopped from denying the validity of the deed. When a grantor signs and seals a deed, leaving unfilled blanks of the character of those here involved, and gives it to an agent with

authority to fill the same and deliver the instrument; and the agent fills the blanks and delivers the deed to the grantee, the maker is estopped to deny that the instrument, as delivered, is his deed. *Phelps v. Sullivan,* 140 Mass 36, 2 N. E. 121, 54 Am. Rep. 442. If plaintiff was deceived by her husband to her financial injury, it would be unjust and inequitable to relieve her by placing the burden upon defendant Wilson. *Wyman v. Bank,* 5 Colo. 30, 36, 40 Am. Rep. 133. We find no substantial error in the proceedings and the judgment is, therefore affirmed.

Decision *en banc.*

Mr. Justice Scott not participating.