STATE v. BODOIN

(96 South. 501)

No. 25891.

## STATE v. BODOIN.

(April 30, 1923.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⚖➡1111(3)—Judge's statement of evidence accepted when testimony not reduced to writing.**

When testimony of witness was not reduced to writing as might have been done under Act No. 113 of 1896, judge's per curiam statement in bill of exceptions as to what the witness testified must be accepted as correct.

**2. Witnesses ⚖➡321—Error to permit attempt to impeach witness at whose testimony district attorney was not surprised.**

Where district attorney was not surprised by witness' denial that he had bought intoxicating liquor from defendant or had ever told third person that he had, it was error to permit attempt to impeach him by proof of contradictory statement.

**3. Witnesses ⚖➡397—Proof of contradictory statement only evidence that testimony is unworthy of belief.**

Extrajudicial statement of witness, when offered to impeach his testimony, serves no other purpose than to destroy effect of the witness' testimony and is not evidence of any other fact than that the testimony is not worthy of belief.

**4. Witnesses ⚖➡323 — District attorney can only impeach his witness when unexpectedly hostile.**

It is only when hostility of witness is unexpected that state can impeach hostile witness called by it.

**5. Criminal law ⚖➡1170½(2)—Attempted impeachment of witness harmless when unsuccessful.**

Attempted impeachment by state of its own witness by proving contradictory statement was harmless, where it was unsuccessful; the impeaching witness denying that the contradictory statement was made.

**6. Indictment and information ⚖➡132(2)—Not objectionable because containing more than one charge when district attorney elects to prosecute for one only.**

An indictment for manufacturing, selling, and disposing of intoxicating liquor for beverage purposes was not objectionable because containing more than one accusation, after the district attorney elected to prosecute for manufacturing only, as the other accusations were thereby abandoned.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis; Jerry Cline, Judge.

Eugene Bodoin was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

Kennedy & Roos, of Lafayette, for appellant.

A. V. Coco, Atty. Gen., Griffin T. Hawkins, Jr., Dist. Atty., of Lake Charles, John J. Robira, Asst. Dist. Atty., of Jennings (T. S. Walmsley, of New Orleans, of counsel), for the State.

O'NIELL, C. J. Appellant was tried on an indictment charging that he "did unlawfully manufacture, sell and dispose of intoxicating liquor for beverage purposes." When the case was called for trial, his attorney asked that the district attorney should elect upon what charge he would prosecute. The district attorney elected to prosecute for the offense of manufacturing intoxicating liquor; and appellant was convicted of the offense.

[1-4] He complains of a ruling allowing the district attorney to undertake to impeach a witness for the state. The witness Davis was asked by the district attorney whether he, the witness, had bought intoxicating liquor from the defendant; and the witness replied that he had not. The district attorney then asked the witness whether he had told Mr. Valdetero that he, the witness, had bought intoxicating liquor from the defendant. The witness denied that he had ever made any such statement to Valdetero. The district attorney then called Valdetero as a witness to impeach the testimony of Davis. Defendant's attorney objected on the ground that the district attorney had not spoken to the witness Davis before calling him as a witness, and was therefore not sur-

prised by his denial that he had bought intoxicating liquor from defendant. In the bill of exception, it is stated that Valdetero contradicted Davis, saying that the latter had told him that he, Davis, had bought intoxicating liquor from defendant. But the bill of exception contains also a statement by the district attorney, saying that Valdetero denied that Davis had told him that he, Davis, had bought intoxicating liquor from defendant. The district judge, in his statement per curiam, says that appellant's attorney's recollection of Valdetero's testimony is wrong; that the district attorney's recollection of it is correct; that the attempt to impeach the testimony of Davis was a failure, and was therefore harmless. As the testimony of the witness Valdetero was not reduced to writing, as might have been done under the provisions of Act 113 of 1896, we accept the judge's statement as correct. His ruling, allowing the district attorney to attempt to impeach the testimony of the state's witness Davis, was wrong. The district attorney admits, in his statement annexed to the bill of exception, that he was not surprised by the denial of the state's witness Davis that he had bought intoxicating liquor from defendant, or by his denial that he had ever told Valdetero that he had bought intoxicating liquor from defendant. The district attorney says that, being suspicious that Davis would be a hostile witness, and believing that he "was an indispensable witness," he, the district attorney, "desired to get his evidence before the court by way of impeachment." If Davis was an indispensable witness, getting his testimony before the court by way of impeachment would not have served any good purpose. An extrajudicial statement of a witness, when offered in evidence for the purpose of impeaching his testimony, does not serve any other purpose than to destroy the effect of the testimony given by the witness. The so-called impeaching statement is not evidence of any other fact than that the testimony given by the witness is not worthy of belief. According to Wharton's Criminal Evidence (10th Ed.) vol. 1, p. 1002, § 484a (cited by the district attorney), it is only when the hostility of the witness comes unexpected that the state can impeach a hostile witness who was called for the state. The district attorney cannot, by calling a witness whose testimony he knows or believes will be unfavorable to the state, introduce in evidence contradicting statements made by the witness out of court, when the witness was not under oath.

[5] Although it was an erroneous ruling, to allow the district attorney to attempt to impeach the state's witness whose testimony he believed would be unfavorable to the state, the error was harmless. An unsuccessful attempt on the part of a district attorney to impeach the testimony of a state's witness, favorable to the defendant, is itself more apt to be favorable than to be unfavorable to the defendant, whether the trial be by jury or by the judge alone.

[6] Appellant filed a motion in arrest of judgment, averring that the conviction was invalid because the indictment contained more than one accusation in one count. There is no merit in the complaint now. When the district attorney had elected to prosecute only for the offense of manufacturing intoxicating liquor, the accusation of selling and disposing of the liquor was abandoned, and the prosecution was only for the manufacturing of the liquor.

The verdict and sentence are affirmed.