## No. 12,140.

KLEIN ET AL. *v.* MUNZ ET AL.

(286 Pac. 112)

Decided March 17, 1930.

Mr. Golding Fairfield, Mr. John T. Bottom, for plaintiffs in error.

Mr. William H. Scofield, for defendants in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Margaret A. Chatterton died testate February 27, 1926. Her executor and legatees brought this action in equity to cancel a warranty deed and a deed of trust covering real estate in Denver alleged to have been owned by the deceased at her death. The complaint charges that the defendant E. R. Kuhlmann induced Margaret A. Chatterton to execute and deliver to him a certain warranty deed dated November 16, 1925, and recorded March 1, 1926, wherein the grantee's name was left blank; that he caused the name Philip Danielson to be written in as grantee, erased, the name of Elizabeth Petrone substituted, and that of defendant, Lola Kuhlmann, his wife, finally inserted; that Lola Kuhlmann procured a loan of $1,400 on the property and a deed of trust was executed securing the same to defendant H. C. Wadlington, who thereupon transferred the deed of trust and the note to defendant Max Klein, who sold the same to intervener Flora Fields.

Defendants' answer denies the charges in the complaint and asserts good title in defendant Lola Kuhlmann. The intervener, Flora Fields, answered alleging ownership of the deed of trust and note; that the warranty deed conveyed good title and that she was a bona fide purchaser of the trust deed and note; and that she purchased same through defendant Max Klein, her agent, after having caused a complete title examination thereof to be made which disclosed the record title to be vested in Lola Kuhlmann.

The district court held the warranty deed and deed of trust void and ordered their cancellation. To review this ruling, this writ is now prosecuted.

■ Defendants contend that the court erred in refusing to enter an order of dismissal as to defendant Wanda Nelson after she had rested, and in denying her the right thereafter to testify as a witness for the other defendants. The pleadings disclose that Wanda Nelson is a sister of Mrs. Kuhlmann and was employed in the office of defendant Kuhlmann as a stenographer and clerk. A careful examination of the record fails to disclose any evidence connecting her with the transactions charged in the complaint or that she had or claimed any interest in the property involved or the result of the suit. In these circumstances, it was error for the court to deny her motion for dismissal and thereafter to refuse to permit her to testify.

■ Section 6556, C. L. 1921, provides: "That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, * * * when any adverse party sues or defends as * * * the executor or administrator, heir, legatee or devisee of any deceased person, * * * unless when called as a witness by such adverse party * * *." The salutary protection of the estate of deceased persons afforded by this statute was not intended to, and does not, permit an executor to join an uninterested person as a party defendant and thereby deny him the right to testify. Certainly the interest of such defendant or witness must be shown before the bar of the staute may be invoked. If upon a retrial, the testimony of Wanda Nelson develops the fact that she has a direct interest in the event of this suit, it should be stricken and disregarded.

It is urged by the intervener, Flora Fields, that the court erred in refusing to decree the trust deed valid.

The record discloses that a warranty deed dated November 16, 1925, and recorded March 1, 1926, was signed

and acknowledged by Margaret A. Chatterton conveying the property to Lola Kuhlmann; that an affidavit dated February 18, 1926, signed and sworn to by Margaret A. Chatterton was recorded March 1, 1926, wherein it appears that she deeded the property to Lola Kuhlmann; and that a deed of trust dated and recorded March 2, 1926, from Lola Kuhlmann to the public trustee for the use of H. C. Wadlington, securing note for $1,400 was assigned for valuable consideration to Flora Fields, the intervener.

Witness Horton, who took the acknowledgment on the warranty deed, testified that Mrs. Chatterton appeared before him and acknowledged the deed, at which time the grantee therein was Philip Danielson; that later at the request of Mr. Kuhlmann he changed his notarial record to show Elizabeth Petrone as the grantee and finally substituted the name of Lola Kuhlmann.

The record further shows that the intervener, Flora Fields, and her agent, Max Klein, neither knew nor had cause to suspect such facts; that she was a bona fide purchaser of the deed of trust and note, and that she relied upon an independent investigation of the title which stood of record in the name of Lola Kuhlmann.

The intervener contends the plaintiffs are estopped to deny her title. It is apparent that one of two innocent parties must here suffer because of the act of a third party. As between them, the loss must fall upon the one who originally gave the third party the power to act. The execution and delivery by Margaret Chatterton of her deed and affidavit set in motion the chain of events which culminated in Flora Fields purchasing the loan. Clearly, Flora Fields, being without knowledge of any irregularities therein, had a right to and did rely upon the recorded instruments, the deed and the affidavit. If Margaret Chatterton had lived, she would have been estopped from asserting the invalidity of Flora Fields' security, and her heirs and legatees should occupy no better position. In *Wyman v. Colo. Nat. Bank,* 5 Colo.

30, 36, it is held: ''It is an elementary rule that whenever one of two parties must suffer by the act of a third, he who has enabled that third person to occasion the loss must sustain it himself rather than the other innocent party.'' This rule was approved in *Halliwill v. Weible*, 64 Colo. 295, 171 Pac. 372, and is in accord with the general rule announced in 21 C. J., p. 1170, §176.

For the foregoing reasons, the judgment is reversed with directions that judgment be entered decreeing the intervener, Flora Fields, a just and valid lien against said real estate evidenced by said deed of trust; that Wanda Nelson be dismissed as party defendant and that a new trial be granted in harmony with the views herein expressed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BURKE and MR. JUSTICE BUTLER concur.