No. 12,904.

SHOCKLEY *v.* HILL.
(15 P. [2d] 623)

Decided October 17, 1932.

Mr. ROBERT H. SCHAPER, Mr. NATHAN H. CREAMER, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A CODE action, commonly styled replevin, for the possession of an automobile.

It appears that Hill, doing business as Hill Auto Sales, was a dealer in automobiles at Blue Island, Illinois, and Harvey, Illinois; that June 27, 1929, Hill Auto Sales, by

one Jenner, manager for Hill, issued a bill of sale for the automobile to one Paul Goodman, who became possessed of the car; that the bill recited the purchase price was paid by check, but the check, drawn on a Chicago bank, was dated July 1, 1929, which, although Hill deposited it timely, was not paid; that on receipt of notice of dishonor of the check, Hill sought to locate the car and made formal complaint against Goodman for confidence game, and secured his arrest. It does not appear that Goodman was ever tried.

It seems that in the meantime Goodman, who sometimes went by the name of Ed Earl Reading or as Edward E. Reading, procured an Oklahoma certificate of title to the automobile, which he subsequently exhibited to the county clerk of El Paso county, Colorado, and upon usual application, certificate of title was issued by that official to Reading; that on faith of such certificate one Sam W. Harris of Colorado Springs purchased the automobile from Reading, which later he sold to Glen Harris (said not to be related to Sam Harris), of Harris Motor Company of Limon, and it was from that company Shockley made purchase. In addition to the fact that all paid value, it was stipulated in open court that Sam and Glen Harris and Shockley, in turn, acquired the automobile in good faith. When Shockley refused to surrender the automobile on demand, this action was begun, and on trial the court gave judgment in favor of Hill. Shockley prosecutes error.

██ We think the court erred. It may well be conceded that Goodman procured the car through such means that if it were a contest between him and Hill for possession, Hill should prevail. It is quite clear, however, that Hill's manager supplied Goodman with formal title papers, and possession of the automobile passed as well. The check which was given in payment was not only postdated, as we have seen, but on the back thereof, just above Hill's endorsement, in the handwriting of Goodman, was the following: "Issued for payment July 1,

1929." Hill took possession of the check, endorsed and deposited it on the due date, and not until after the check was returned, marked "account closed," did he take steps to locate the car and have Goodman apprehended. When we consider that recovery of the car is sought against one, third in order, who, as well as the preceding buyers, purchased in good faith from one in possession and exhibiting formal indicia of owner'ship, based in the first instance on Hill's bill of sale to Goodman, it does not comport with justice to adjudge against the purchaser. *Michigan C. R. Co. v. Phillips,* 60 Ill. 190; *Ohio & M. R. Co. v. Kerr,* 49 Ill. 458; *Hide & Leather National Bank v. West,* 20 Ill. App. 61; 1 Williston on Sales (2d Ed.) 822. This conforms to the "broad equitable rule that, where one of two innocent persons must suffer loss by reason of the fraud or deceit of another, the loss should fall on him by whose act or omission the wrongdoer has been enabled to commit the fraud." 24 R. C. L., p. 378, §665. See *Trujillo v. Wichita Farm Lighting Co.,* 91 Colo. 307, 14 P. (2d) 1009; *Klein v. Munz,* 87 Colo. 223, 286 Pac. 112; *Halliwill v. Weible,* 64 Colo. 295, 171 Pac. 372; *Wyman v. Colorado National Bank,* 5 Colo. 30. "It would seem on principle that if the buyer by fraudulent devices secures possession without paying the purchase price a bona fide purchaser from him for value would acquire a good title as against the seller's right to retake possession; and a fortiori if in addition to delivery to the buyer the seller also clothes him with indicia of ownership, * * * a subsequent purchaser from the buyer relying on such indicia of ownership will be protected." 23 R. C. L., p. 1385, §208. Among cases cited in support of the text, are *Baltimore, etc., v. Good,* 82 Ohio St. 278, 92 N. E. 435. See also, *Kemper Grain Co. v. Harbour,* 89 Kan. 824, 133 Pac. 565, 47 L. R. A. (N. S.) 173; *Linn v. Reid,* 114 Wash. 609, 196 Pac. 13.

We have not failed to note that in his deposition Hill says his manager told him he had not sold the car to Goodman, but we attach little value to such testimony.

In addition to being hearsay, objected to as such, the statement conflicts with the bill of sale which the manager gave. Considering that the rights of a bona fide third party are involved, we are not disposed to pass over the bill of sale and accept the explanation of the manager to his employer made when embarrassed by what proved to be a bad deal. It is not without significance, we think, that the manager was not called to give testimony. The record shows that otherwise he was active, after as well as before the original transaction.

On the record plaintiff in error should have prevailed, and to that end the judgment is reversed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.