(No. 28946.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* VERNELL FURLONG, Plaintiff in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

248

Wm. Scott Stewart, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and William J. Tuohy, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Joseph A. Pope, all of Chicago, of counsel,) for the People.

Mr. Chief Justice Thompson delivered the opinion of the court:

Plaintiff in error, Vernell Furlong, was indicted and tried in the criminal court of Cook county for the crime of forcible rape against the person of the prosecuting witness. The defendant entered a plea of not guilty and was tried before the court after a jury trial had been waived. He was found guilty as charged in the indictment and sentenced to the penitentiary for a term of four years. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced accordingly. The record is before us on a writ of error.

The record in this case is brief as few witnesses testified in the trial before the lower court. For the prosecution only the prosecuting witness, her father and a police officer testified. The defendant testified in his own behalf and called no other witnesses.

The facts out of which this case arose are as follows: On March 31, 1942, the defendant, aged 26, met the prosecuting witness, aged 17, in front of the Arcadia Roller Skating Rink, in the city of Chicago, after which the prosecuting witness, another girl, the defendant and four other

men entered an automobile for the purpose, as the prosecuting witness testified, of being taken home. Geraldine Hill, the other girl in the car, was first taken to her home, and the defendant, together with the prosecuting witness and the other boys, proceeded on after Geraldine left the car. The prosecuting witness requested that she be taken home and pleaded to be so taken but was informed: "We will take you home when we get finished with you." It is unnecessary to recite the sordid details of the acts charged.

The prosecuting witness testified that she was raped by defendant while being driven around on the streets of Chicago; that the other occupants of the car also raped her; that the defendant committed three separate acts and that she finally became unconscious. The testimony further shows that around five o'clock in the morning she arrived home, ran up the stairs screaming and crying, telling her father, who met her at door, what had happened.

Her father testified that she arrived home at about five o'clock in the morning; that her hair was mussed up; that there was blood on her clothes and that she was hysterical. The record discloses that he testified, although it is not shown in the abstract, that she told him at the time that she had been attacked and when asked on the witness stand what he meant by attacked, answered: "Raped her." This was full corroboration by a competent witness as to her complaint.

The prosecuting witness testified that she told her father immediately after she arrived home she had been raped. It is contended by the defendant that the court erred, over objection, in permitting the prosecuting witness to so testify for the reason it is not proper to make proof of hearsay statements of the complainant to show the commission of the offense itself. It is true that hearsay statements are not admissible to show the commission of the offense itself, however, in criminal trials, we think it proper to show by the testimony of the prosecuting witness or that of other

witnesses that the prosecuting witness made complaint of the outrage soon after its occurrence, for the purpose of corroborating the testimony of the prosecuting witness but not as independent evidence of the offense ·charged. In view of the record here we think her testimony was so circumscribed.

The defendant cites the case of *People* v. *Lewis,* 252 Ill. 281, in support of his position that the evidence was inadmissible. An examination of this case discloses that the prosecutrix there did not testify at the trial and therefore it was not proper to make proof of statements that she was alleged to have made for the purpose of showing the commission of the offense and such proof could not be made where the prosecutrix does not testify. In a prosecution for rape, where the prosecutrix herself testifies, it may be proved by third persons that the prosecutrix made complaint to them, provided such complaint is made without inconsistent or unexplained delay. This constitutes an exception to the general rule that hearsay evidence is inadmissible and is allowed on the supposition that a woman thus assailed will avail herself of the first opportunity to tell of the wrong which has been done her. The proof of such statements is admissible, however, only upon the theory that it tends to corroborate the testimony of the prosecuting witness given upon the trial. *People* v. *Hiddleson,* 389 Ill. 293; *People* v. *Romano,* 306 Ill. 502; *People* v. *Marx,* 291 Ill. 40.

It is not proper to make such proof for the purpose of showing the commission of the offense itself and this proof cannot be made at all if the prosecutrix is not a witness. In the *Lewis case* the prosecutrix did not testify at the trial and therefore there was no testimony by the prosecutrix to be corroborated. In the instant case the prosecuting witness did testify and the proof of such statements in her complaint was admitted upon the theory that it tended to corroborate her testimony on the trial.

It is further urged that the circumstances and evidence, assuming the truth of the testimony given by the complaining witness, did not show rape by force, as charged.

The prosecuting witness, who was seventeen years of age at the time of the alleged offense, testified that while she was in the car the defendant pulled the back of her hair, threw her down into the seat, took her arm and twisted it in back of her; that each time she screamed or cried the defendant pulled her arm further. She further testified that she screamed and cried all of the time and tried to kick open the door once and defendant pulled her up by her collar and mashed her head against the arm rest. She testified that she did not consent to the acts of intercourse and during all of the time she was screaming and crying and trying to get away.

We are not impressed by the argument of counsel, in view of this evidence, that, assuming the truth of the testimony, still it does not show rape by force. It is apparent from an examination of the evidence that the act was forcibly committed. In this connection the case of *Rucker v. People,* 224 Ill. 131, is cited by the defendant to support the proposition that the force as shown in the instant case does not measure up to the requirements as set forth in the *Rucker case.* The *Rucker case* is not analogous to the case at bar. In that case the court held there was an insufficient showing of force to justify a conviction of rape and repeated the often-quoted rule that force is an essential ingredient of the crime of rape.

The question here is whether or not sufficient force was used to determine whether or not the act was committed against the will of the prosecuting witness. An examination of the evidence in this case leaves no doubt but that the act was committed forcibly and against the will of the prosecuting witness. The evidence discloses that there was such resistance upon the part of the prosecuting witness as to clearly demonstrate that the act was against her consent.

*People* v. *Ardelean,* 368 Ill. 274; *People* v. *Serrielle,* 354 Ill. 182.

The defendant also urges that the criminal court, without a jury, has no jurisdiction over felony cases, contending that, a jury having been waived, the trial court had no jurisdiction in this matter. It is not necessary to review this question as the rule is well established in this State that a jury trial may be waived by the defendant, and there is nothing in the constitution which prohibits such waiver. It has been held a court is fully organized and complete for the transaction of business without the presence of a jury. *People* v. *Bader,* 372 Ill. 345; *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250.

Defendant urges that the real issue is whether or not the defendant had left the car as he claims or was in the car at the time of the alleged offense. The prosecuting witness positively identified the defendant, and an examination of her testimony and the other circumstances and evidence leaves no doubt as to the guilt of the defendant. This trial having been before the court and in view of the fact that no substantial error, affecting the rights of the defendant, appears in the record, this court will not substitute its judgment for that of the trial court.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*