## McGREW et al. v. BRITTON.
### No. 11898.

Court of Civil Appeals of Texas. Galveston.
Nov. 13, 1947.

Rehearing Denied Dec. 11, 1947.

Walter F. Brown and H. Fletcher Brown, both of Houston, for appellants.

Chas. W. Bell and W. H. Davidson, Jr., both of Houston (Fulbright, Crooker, Freeman & Bates, of Houston, of counsel), for appellee Britton.

Allen, Smith & Neal, of Houston (Geo. D. Neal, of Houston, of counsel), for Charles N. McClendon, Auditor.

MONTEITH, Chief Justice.

This suit was brought by appellee V. P. Britton as administrator of the estate of J. H. Britton, deceased, against V. B. Mayes, surviving partner of the partnership of Mayes & Britton, for an accounting of the partnership, and for partition of the partnership properties, and for a judgment for money alleged to be due the estate of J. H. Britton on such accounting.

While the litigation was pending V. B. Mayes died, and his wife, Elizabeth White Mayes, independent executrix of his es-

tate, was made a party defendant. Later, J. E. McGrew, a former employee of the firm was made a party defendant, and similar relief was sought against him.

At the conclusion of the evidence, the trial court granted appellee's motion for an instructed verdict, and thereupon dismissed the jury and rendered judgment in favor of plaintiff and against defendants jointly and severally for the sum of $55,657.32. The court awarded plaintiff a one-half interest in various properties named in the judgment as assets of the partnership, and subjected the interest of the V. B. Mayes estate and all assets forming a part of his estate to a lien to secure the payment of the judgment awarded plaintiff. Mrs. Mayes, as independent executrix, and J. E. McGrew have appealed from this action of the trial court.

J. H. Britton died February 3, 1938. He and V. B. Mayes had been partners in a real estate firm known as Mayes & Britton, and had been associated in various other enterprises in connection with the sub-division and sale of real estate in various cities and states since 1924.

On dissolution of the partnership of Mayes & Britton by the death of J. H. Britton, V. B. Mayes asserted his right as surviving partner to wind up the affairs of the partnership. He took possession of the books, records, and properties of the partnership, including the books and records of Mayes Realty Company, and held possession thereof until June 27, 1944, when it was terminated by court order.

This suit was filed on January 11, 1939. V. B. Mayes answered by general denial and by a cross-action against appellee and Mrs. Lucille Britton, the widow of J. H. Britton, in which he pleaded his right to act as liquidating partner of Mayes & Britton.

On November 9, 1943, by amended petition, J. E. McGrew was made a party defendant. Appellee alleged that McGrew had conspired with, aided, and assisted V. B. Mayes in converting partnership funds to his own use, and that he had delayed a firm accounting and had concealed the true status of the partnership accounts. J. E. McGrew answered by a general denial, and

by a plea that plaintiff's cause of action was barred under the two-year and four-year statutes of limitations.

By order entered June 27, 1944, the court appointed Charles N. McClendon, a Certified Public Accountant, as auditor. McClendon immediately entered upon his duties as such auditor, and on February 28, 1945, filed his report thereon.

V. B. Mayes died on November 20, 1945, and his wife, Mrs. Elizabeth White Mayes, was made a party defendant.

On May 23, 1946, appellants filed their "exceptions and motion to strike" the auditor's report. After a hearing this motion was overruled and an order was entered allowing the fee applied for by the auditor.

During the trial of the case, appellants, with the court's permission, filed amended exceptions to the auditor's report, in which they objected and excepted to each finding and item of the report.

After the close of plaintiff's evidence, appellants J. E. McGrew and Mrs. Mayes moved the court to instruct the jury to return a verdict in McGrew's favor for the alleged reason that no cause of action had been established against him, and that no evidence had been introduced showing that plaintiff was entitled to recover any sum from him or that he had committed any fraud which had caused any damage, or the extent thereof, if any, to plaintiff. This motion was denied, to which action of the court appellants excepted.

Appellants assign error in the action of the trial court in withdrawing the case from the consideration of the jury and rendering judgment against the defendants, or any of them, for the alleged reason that the charges that J. E. McGrew had converted partnership funds to his own use were not substantiated either in the record or in the auditor's report, and that it is undisputed in the record that McGrew's employment with the firm of Mayes & Britton began in July, 1938, and that the transactions on which appellee's cause of action against him is based were shown by the undisputed evidence to have transpired more than four years before McGrew was made a party to the suit, and each item for which judgment was rendered against him

was barred by the two and the four years statutes of limitations which were plead by him.

The question then presented is whether the trial court erred in overruling appellant's motion to return a verdict dismissing J. E. McGrew as a party defendant in order that he might testify in his own defense and for his co-defendant.

In the case of Williams v. Kincannon, Tex.Civ.App., 265 S.W. 925, under a state of facts similar in all material respects to those in the instant case, in a partnership accounting case a partner who had not signed certain notes executed by the other partner, was held not to have been a proper party to a suit on the notes under the "dead-man statute", then Art. 3690, now Art. 3716. Revised Civil Statutes, and that upon the rendering of an interlocutory judgment dismissing said defendant as a party to the suit, the latter ceased to be a party to the action under said article as effectively as if the court had dismissed the case as to him, and that he thereafter became competent to testify for his former co-defendants.

In the recent case of Ragsdale v. Ragsdale et al., 142 Tex. 476, 179 S.W.2d 291, 295, under a similar state of facts, the Supreme Court of this State held that: Since E. B. Ragsdale, who had been made a party defendant in the case "had divested himself of all interest in the property in controversy by conveyance and disclaimer, he was neither a proper nor a necessary party to the suit." The Court held that the fact that E. B. Ragsdale had been named as a co-defendant was immaterial. It was not contemplated that the statute should permit one to make a person without actual interest a nominal party merely for the purpose of disqualifying him as a witness. Citing 70 C.J. 234, Sec. 296; Klein v. Munz, 87 Colo. 223, 286 P. 112; Wells v. Fidelity Trust Company, 93 N.J.Eq. 94, 115 A. 73. Continuing, the Court said that for such a witness to fall within said Article 3716, he must have or claim some actual interest in the subject matter of the suit pertaining to the estate of the deceased which might be affected by the judgment rendered. Applying this rule to the case at bar, it is our

opinion that the trial court erred in failing to dismiss appellant J. E. McGrew as a party defendant in this action, and in refusing to permit him to testify in reference to various transactions with V. B. Mayes on which the trial court based its judgment against him and the other defendant herein.

Appellants assign error in the action of the trial court in allowing the auditor, Charles N. McClendon a fee of $5,368.30 as a fee for his services rendered and expenses incurred in connection with the investigation and preparation of his original report, and an additional fee for services rendered in the trial of the case. This contention cannot, we think, be sustained.

Rule 172, Texas Rules Civil Procedure provides for the appointment of an auditor to state the accounts between the parties and to make report thereof to the court, that "the court shall award reasonable compensation to such auditor to be taxed as costs of suit." The record in the instant case shows that the court fixed the amount of the fees allowed the auditor after a full hearing of the facts in reference to the services rendered and expenses incurred by the auditor and the values thereof. It is well settled by decisions by the courts of this state that the granting or refusal of fees allowed attorneys appointed by the court and fees allowed guardians ad litem are within the sound discretion of the trial court and that the court's action is not reviewable upon appeal unless it clearly appears from the record that there has been an abuse of such discretion. Japhet v. Pullen, Tex.Civ.App., 153 S.W. 1188; Texas Employers' Ins. Ass'n v. Storey, Tex.Civ.App., 7 S.W.2d 913. Affirmed Tex.Com.App., 17 S.W.2d 458; American Nat. Ins. Co. v. Points, Tex.Civ. App., 131 S.W.2d 983; Hirsch v. Dearing, Tex.Civ.App., 151 S.W.2d 949. This rule, we think, applies to the action of a trial court in determining the value of the services rendered by an auditor, and the allowance of fees therefor. A consideration of the record, we think, discloses that the trial court in this instance did not abuse his judicial discretion in allowing the fees in question.

It follows, we think, that this cause must be remanded to the trial court for a new trial on all phases of the case except that of the allowance of the fees to the auditor, Charles N. McClendon, and the expenses incurred and paid by him. This phase of the case will not be retried, but will remain fully disposed of in accordance with our judgment.

We have, in the interest of brevity, confined this opinion to what we deemed to be the controlling issues presented in this appeal and have pretermitted a discussion of many issues presented by the parties in their briefs which we deem non-essential to appeal under this record and which will, in all probability, not arise in another trial of the case, including the question presented by appellees, as to whether timely exceptions were filed to the auditor's report.

Reversed and remanded in part and in part affirmed.

On Motions for Rehearing

In his motion for rehearing appellee complains of this Court's findings of fact in its original opinion in several particulars.

It was this Court's understanding that the quoted findings of fact were undisputed by appellee from the fact they were stated as facts by the appellants in their brief which we failed to find challenged by appellee in his brief. Under Rule 419, Texas Rules Civil Procedure, which provides that any statement made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by the opposing party, we were under the impression that the statements made were undisputed. The quoted findings, which are claimed to be incorrect, involve matters pertaining to the auditor's report and other questions which, under this Court's action in reversing the judgment and remanding the cause for a new trial, will in no way affect this appeal and will in all probability not occur in another trial of the case.

Motions for rehearing by both appellants and appellee are refused.