497 P.2d 710 (1972)
The NATIONAL STATE BANK OF BOULDER, COLORADO, as Executor of the Estate of Rex W. Firkins, Deceased, and Hope Firkins, Plaintiffs-Appellants,
v.
James H. BRAYMAN, Defendant-Appellee.
No. 71-102.
Colorado Court of Appeals, Div. II.
April 18, 1972.
Rehearing Denied May 2, 1972.
Certiorari Granted June 19, 1972.
*711 Daniel S. Hoffman, Gerald P. McDermott, Denver, for plaintiffs-appellants.
Weller, Friedrich, Hickisch & Hazlitt, James C. Fattor, William Hazlitt, Denver, for defendant-appellee.
Selected for Official Publication.
PIERCE, Judge.
Rex Firkins, and his wife Hope, originally filed suit to recover damages suffered by them as a result of a one-car accident which occurred in 1968. The action was instituted against James Brayman, asserting that he was the driver of the subject vehicle, which was owned by Firkins and his wife. Before the matter came to trial, Firkins died, allegedly as the result of injuries received in the accident. The National State Bank of Boulder, as executor of Firkins' estate, was thereafter substituted as a plaintiff in this action. An amended complaint was filed wherein the bank sought damages for the losses sustained by Rex Firkins prior to his death and for funeral expenses, and by a separate claim for relief, Mrs. Firkins sought damages under the wrongful death statute. Upon trial to a jury, the court directed a *712 verdict in favor of defendant at the close of plaintiffs' evidence. Plaintiffs appeal, asserting that the directed verdict, certain rulings as to the admission of expert testimony, and a pretrial order, which would have allowed defendant to testify, were in error.

I.
In order to establish who was driving the vehicle at the time of the accident, plaintiffs relied primarily upon testimony of a highway patrolman and an accident reconstruction expert. The patrolman testified extensively regarding his investigation of the accident. He concluded that the automobile traveled some 500 feet along the unpaved portion of a curving highway, became airborne, then bounced across the adjacent terrain. The patrolman further detailed evidence of the vehicle's angle of impact with the ground. A pool of blood and a watch belonging to Mr. Brayman were found along the path of the vehicle, and the patrolman determined that this was where Mr. Brayman was thrown from the car. Mr. Firkins was found approximately 72 feet beyond the vehicle's eventual resting place. Photographs of the vehicle taken at the scene by the patrolman were identified and admitted into evidence to illustrate the accident scene and the damage to the vehicle. Diagrams and accident reports describing measurements taken at the scene were also admitted. The patrolman further testified that, based upon his investigation, the vehicle was traveling in excess of the recommended safe speed for that curve at the time of the accident.
The patrolman was asked to give his opinion, based upon his investigation, as to who was driving the vehicle at the time of the accident. The trial court, however, sustained defendant's objection to this opinion testimony on the ground that the officer was not qualified as an expert in accident reconstruction. Plaintiffs assert that this ruling was error. We disagree. The sufficiency of evidence qualifying a law enforcement officer to express an expert opinion based upon physical facts he has observed is a question to be determined by the trial court. Its decision will be upheld unless clearly erroneous. Baldwin v. Schipper, 155 Colo. 197, 393 P. 2d 363; Atencio v. Torres, 153 Colo. 507, 385 P.2d 659.

II.
Plaintiffs next contend that the trial court erred in striking the testimony of Professor Richard Crawford, an accident reconstruction expert whose qualifications as an expert were undisputed. Professor Crawford, who was in the courtroom during the patrolman's testimony, reconstructed the accident and gave his opinion that Mr. Brayman was the driver of the vehicle. Fully explaining the basis of his opinion to the jury, Crawford specifically stated that he relied solely on the officer's testimony and on diagrams and photographs in evidence. During cross-examination, however, the court, on its own motion, struck Professor Crawford's testimony from the record solely on the ground that his opinion was based on hearsay. Plaintiffs contend that this ruling was in error. We agree. Expert opinion may legitimately be based upon competent evidence adduced at trial. Callahan v. Feldman, 90 Colo. 540, 11 P.2d 217; 31 Am.Jur.2d Expert and Opinion Evidence § 36. We have carefully reviewed the record herein, however, and find no indication that Crawford's testimony was based upon any evidence which was, or should have been, excluded as hearsay.
Neither do we find, as is contended by defendant, that Crawford's testimony was based upon facts outside the evidence presented at trial in violation of the rule pronounced by Liber v. Flor, 160 Colo. 7, 415 P.2d 332.

III.
On motion for directed verdict, evidence must be viewed in the light most favorable to the party against whom the motion is directed. Bates v. Stagg, 157 Colo. 456, 404 P.2d 530; Evans v. Century *713 Casualty Co., 159 Colo. 596, 413 P.2d 457. From Dr. Crawford's testimony and other evidence adduced in support of plaintiffs' claim, including every legitimate inference which could be drawn therefrom and disregarding all conflicting evidence, there was sufficient evidence to establish a prima facie case. The trial court's direction of a verdict against plaintiffs was error. Gossard v. Watson, 122 Colo. 271, 221 P.2d 353.

IV.
The trial did not progress to the point where an attempt was made to place defendant on the stand. Nevertheless, retrial of this matter will be required, and we feel that it is essential to address ourselves to the court's pretrial ruling that defendant Brayman was not disqualified from testifying by the dead man's statute, C.R.S.1963, 154-1-2. In discussing the application of this statute, we must distinguish between the parties plaintiff and differentiate their claims. Mrs. Firkins' action is a wrongful death proceeding under C.R.S.1963, 41-1-1 et seq., which has been joined with a negligence action pursued by the executor of Firkins' estate under the authority of C.R. S.1963, 153-1-9.
At the outset, it is necessary to analyze the effect of the dead man's statute on Mrs. Firkins' wrongful death claim. The dead man's statute, C.R.S.1963, 154-1-2, states in pertinent part:
"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of section 154-1-1, when any adverse party sues or defends as . . . the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee; unless when called as a witness by such adverse party so suing or defending. . . ."
Our supreme court has construed the dead man's statute as being for the protection and benefit of the estate of the deceased. Risbry v. Swan, 124 Colo. 567, 239 P.2d 600; Klein v. Munz, 87 Colo. 223, 286 P. 112. Thus, where the result of a proceeding can neither increase nor diminish the estate, the dead man's statute cannot be said to apply. See Allen v. Fleming, 97 Colo. 204, 48 P.2d 810; Annot., 77 A.L.R.2d 676. In Colorado, the wrongful death statute does not initially authorize a claim for relief to the personal representative of the deceased. This action, in the first instance, vests in the surviving spouse to the exclusion of all others. C.R.S.1963, 41-1-1 et seq. See Hindry v. Holt, 24 Colo. 464, 51 P. 1002. If the wrongful death action herein had not been enjoined with the executor's action, the former would have no effect on Firkins' estate and the dead man's statute would have no application.
It is apparent from the wording of C.R.S.1963, 154-1-2, however, that defendant Brayman is not competent to testify in the surviving negligence action pursued by the executor of Firkins' estate. Bennett v. Kresse, Colo., 483 P.2d 384; Gushurst v. Benham, 160 Colo. 428, 417 P. 2d 777. To hold that evidence admissible in the wrongful death proceeding is admissible in the surviving negligence action, regardless of the bar of the dead man's statute, would be to violate the legislative intent that the estate be protected. Where negligence is the basis of both actions tried to the same jury, we cannot accept defendant's position that Brayman's testimony may be admissible for the purposes of the wrongful death claim but inadmissible for the purposes of the surviving negligence action. The proceedings having been joined, we hold that defendant is barred from testifying under the dead man's statute, and that the trial court's ruling in this regard was in error.
Judgment reversed and the cause remanded for a new trial.
COYTE and ENOCH, JJ., concur.